**From:** **Bart Hubbuch** bhubbuch@gmail.com
**Subject:** Pre-Federal Litigation Demand – Better Debt Solutions LLC & Mohammad “Matt” Ghafarinia
**Date:** January 1, 2026 at 2:56 PM
**To:** nima@asadilawgroup.com

BH

---

**Re: Pre–Federal Litigation Demand – Better Debt Solutions LLC & Mohammad “Matt” Ghafarinia**

Dear Mr. Asadi:

Attached please find my formal pre-litigation demand letter dated January 1, 2026, regarding the unlawful telemarketing conduct of your clients, Better Debt Solutions LLC and Mohammad “Matt” Ghafarinia. The letter includes a detailed draft federal complaint for filing in U.S. District Court for the Eastern District of New York and the supporting enclosures referenced therein.

As noted in the letter, I am requesting a substantive written response by **January 15, 2026 at 5:00 p.m. ET**.

Regards,

Edward B. (Bart) Hubbuch
Brooklyn, New York
bhubbuch@gmail.com
(646) 544–7597

PRE-FEDERAL
LITIGA....26.pdf

EDWARD B. HUBBUCH

**394 LINCOLN PLACE, APT. A5**
**BROOKLYN, N.Y. 11238**
**(646) 544-7597**
**bhubbuch@gmail.com**

**VIA EMAIL AND CERTIFIED MAIL**

January 1, 2026

Mr. Nima Asadi, Esq.
Asadi Law Group, APC
19200 Von Karman Ave., Suite 600
Irvine, Calif. 92612-8516

***Re: PRE-LITIGATION DEMAND FOR TCPA VIOLATIONS BY***
***BETTER DEBT SOLUTIONS LLC AND MOHAMMAD "MATT" GHAFARINIA***
***To Be Filed Imminently in U.S. District Court for the Eastern District of New York***

Dear Mr. Asadi:

This letter serves as a formal pre-litigation settlement demand concerning the persistent, willful, and unlawful telemarketing campaign conducted by your clients, Better Debt Solutions LLC and owner/managing officer Mohammad "Matt" Ghafarinia.

Over the past six months, I have received more than three hundred fifty (350) unsolicited robocalls and approximately fifty (50) unsolicited text messages from Better Debt Solutions, its agents, and its affiliated network. My cellular number has been registered on the National "Do Not Call" Registry since May 13, 2017. Despite my repeated opt-out requests — including verbal demands and "STOP" replies — and my clear registration on the DNC list, this flood of illegal communication has continued unabated. The calls and texts involved artificial/prerecorded voices, spoofed caller ID, and promoted your clients' debt-relief services, for which I have never applied nor consented to contact.

Your clients' conduct violates numerous provisions of the Telephone Consumer Protection Act, 47 U.S.C. §227, and New York state law, including N.Y. Gen. Bus. Law §399-p, §399-z, and §349. A detailed draft complaint, which I am prepared to file in U.S. District Court for the Eastern District of New York, is attached for your review.

The key factors supporting a substantial demand are:

- **Volume and Persistence:** More than 350 separate unlawful communications;
- **Willful and Knowing Violations:** Calls continued after opt-out requests, spoofing was used to evade blocking, and my DNC registration was ignored;
- **Pattern of Misconduct:** My research indicates Better Debt Solutions and its known affiliates have been a defendant in at least fifteen (15) prior TCPA lawsuits, including at least three class-action

complaints. This history demonstrates your clients' awareness of their legal obligations and a deliberate business model that prioritizes illegal telemarketing over compliance;

- **Significant Statutory Exposure:** The TCPA provides for statutory damages of $500 per violation, which may be trebled to $1,500 per violation for willful or knowing misconduct. Critically, the attached complaint also asserts violations under New York state law — widely recognized as among the strongest consumer-protection legal regimes in the country. These include claims under N.Y. Gen. Bus. Law §399-p, §399-z, and §349, all of which provide for separate statutory damages and treble damages. The draft complaint sets forth twelve (12) separate causes of action arising from this campaign, creating a substantial and multi-layered exposure for your clients;

- **Demonstrated Litigation Credibility:** Please understand that the filing of this federal litigation is not an idle threat. I am an active, experienced *pro se* litigant who not only files federal complaints but litigates complex consumer cases through discovery and dispositive motions in federal court. I am also a former longtime investigative journalist currently prosecuting the following federal consumer-protection actions that demonstrate my litigation capability and tenacity:

    1. *Hubbuch v. Kohn, et al.,* Case No. 1:25-CV-4924 (JMF) (SLC) (S.D.N.Y.): A direct action for identity theft, fraudulent credit reporting (FCRA), and illegal debt collection (FDCPA) against my commercial landlord and his corporate entities. This case, involving fabricated tradelines and a Wyoming shell company address, is deep in discovery and has a fully briefed Motion for Partial Summary Judgment pending before the court. It exemplifies my ability to litigate fact-intensive consumer claims to an advanced stage;

    2. *Hubbuch v. Regions Financial Corp., et al.*, Case No. 1:25-CV-2724 (PKC) (TAM) (E.D.N.Y.): A multi-defendant action alleging FDCPA violations, fraudulent licensing, and reckless entrustment against a national bank and its debt collector. The proposed Second Amended Complaint was filed on October 10, 2025, and the case is advancing;

    3. *Hubbuch v. Mullooly, Jeffrey, Rooney & Flynn LLP, et al.*, Case No. 1:25-CV-5547 (JHR) (BCM) (S.D.N.Y.): A multi-defendant action alleging FCRA, FDCPA, and GBL §349 violations against a major bank and its debt-collection law firm. The operative Second Amended Complaint *(Dkt. 76)* was filed on October 24, 2025, and remains active; and

- **Imminent Escalation to Class Action:** Additionally, I have already consulted on this matter with my upstairs Brooklyn neighbor and friend, Christopher Leung, Esq., a former New York State Assistant Attorney General who specializes in complex litigation and class actions aimed at protecting consumers. Mr. Leung *(see biography attached)* has reviewed my draft litigation in this matter and is prepared to assume representation and file an amended class-action complaint should this individual claim not resolve.

Given Mr. Leung's keen interest, this matter stands ready to rapidly escalate from an individual lawsuit to a major class action, exposing Better Debt Solutions and Mr. Ghafarinia to potentially catastrophic liability across the entire calling portfolio.

# <u>SETTLEMENT DEMAND</u>

To avoid the time, expense, publicity, discovery burdens, and the profound risk of class-action litigation, I am demanding a total payment of **<u>$750,000</u>** to settle all potential claims arising from this conduct.

This demand is calibrated to the violation metrics, the documented willfulness, and the resultant harm. It also represents a fraction of the statutory exposure, a fraction of the litigation costs I am prepared to inflict (as evidenced by my ongoing federal cases), and a nominal premium to avoid the massive liability of a class action overseen by Mr. Leung — a liability your clients' settlement history indicates is their primary operational vulnerability.

In return for this payment, I will provide a full release of all individual claims against Better Debt Solutions, Mr. Ghafarinia, and their related agents and affiliates, and will not file the attached lawsuit.

This offer remains open for 14 days from the date of this letter. If I do not receive a substantive written response agreeing to these terms by **<u>5 p.m. ET on January 15, 2026</u>**, I will immediately file the individual complaint in the Eastern District of New York. Upon filing, I intend to immediately amend the complaint to add class allegations and then formally refer the matter to Christopher Leung for prosecution. All rights to seek injunctive relief, treble damages, costs, and class certification are expressly reserved.

Should your client reject this offer or allow it to lapse, *<u>please consider this formal notice of your obligation to preserve all documents, data, and tangible things related to this dispute, pursuant to Rule 37(e) of the Federal Rules of Civil Procedure and common law</u>*. This litigation hold applies to all electronically stored information ("ESI"), call logs, telemarketing scripts, vendor/affiliate contracts, and any records related to the numbers and calling campaigns at issue, and must be communicated to all relevant custodians, including your client and any third-party service providers.

I believe a swift resolution is in both parties' best interests. I can be reached at the email address and phone number above to discuss settlement.

Sincerely,

Edward B. Hubbuch
Brooklyn, N.Y.

**<u>Enclosures</u>:**

1. Draft Complaint against Better Debt Solutions LLC and Mohammed "Matt" Ghafarinia (E.D.N.Y.)
2. S.A.C. in *<u>Hubbuch v. Kohn, et al.</u>*, 25-CV-4924, S.D.N.Y. (for reference)
3. S.A.C. in *<u>Hubbuch v. Regions Financial Corp., et al.</u>*, 25-CV-2724, E.D.N.Y. (for reference)
4. S.A.C. in *<u>Hubbuch v. MJRF LLP, et al.</u>*, 25-CV-5547, S.D.N.Y. (for reference)
5. Professional biography of Christopher Leung, Esq.