**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: RANGE VIEW MANAGEMENT, LLC, ET AL., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION** MDL No. 3123

**ORDER DENYING TRANSFER**

**Before the Panel**:* Defendants Range View Management, LLC, Better Debt Solutions LLC, Lendvia LLC, and Better Tax Relief, LLC, move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Texas. This litigation consists of four actions pending in three districts, as listed on Schedule A.[1] Plaintiffs in the Central District of California *Collins* action oppose centralization and, alternatively, suggest that district as the transferee forum. The parties have notified the Panel of one related action pending in the Southern District of Texas.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These actions share some common factual questions relating to allegations that defendants violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by placing telemarketing calls to plaintiffs' cellular telephones using a pre-recorded and/or artificial voice, without the plaintiffs' consent. Plaintiffs further allege that defendants violated the TCPA because their cellular telephone numbers were listed on the National Do Not Call Registry. These factual issues, while common, appear to be relatively straightforward, and discovery is unlikely to be unusually burdensome or time-consuming. In contrast, the amount of individualized discovery into such matters as the numbers of calls each plaintiff received, the process and documentation involved in obtaining or revoking of consent, and the timing and circumstances thereof may be significant.

Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Defendants have not met that burden here. Not only are the common factual issues presented by these actions not complex, but the limited number of involved parties and the pendency of actions in only four districts, three of which are adjacent, suggest that alternatives to centralization, such as informal coordination, are practicable. *Cf. In re United Collection Bureau, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 273

---

* Judge Karen K. Caldwell did not participate in the decision of this matter.

[1] A fifth action on the motion was voluntarily dismissed. The plaintiff in that action was added to an amended complaint filed in the Central District of California *Collins* action.

F. Supp. 3d 1364, 1364–65 (J.P.M.L. 2017) (denying centralization of a handful of TCPA actions on similar grounds); *In re Time Warner Cable, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 247 F. Supp. 3d 1388, 1388–89 (J.P.M.L. 2016) (same).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly
Roger T. Benitez
Madeline Cox Arleo
David C. Norton
Dale A. Kimball

**IN RE: RANGE VIEW MANAGEMENT, LLC, ET AL., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION** MDL No. 3123

**SCHEDULE A**

Central District of California

COLLINS, ET AL. v. BETTER DEBT SOLUTIONS, LLC, ET AL.,
C.A. No. 8:24−01263

Northern District of Texas

PINN v. BETTER TAX RELIEF LLC, C.A. No. 4:24−00488

Western District of Texas

SILVA v. LENDVIA LLC, C.A. No. 3:24−00155
HERRERA v. LENDVIA LLC, C.A. No. 3:24−00215