EDWARD B. HUBBUCH

394 LINCOLN PLACE, APT. A5
BROOKLYN, N.Y. 11238
(646) 544-7597
bhubbuch@gmail.com

**VIA ECF (FILED UNDER SEAL)**

**LETTER-MOTION FOR *IN CAMERA* DETERMINATION OF PRIVILEGE PURSUANT TO FRCP 26(b)(5)(B)**

June 14, 2026

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

**Re: *Hubbuch v. Better Debt Solutions LLC, et al.,* No. 1:26-CV-2389-PKC-TAM**

Dear Judge Chen:

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), Plaintiff Edward B. Hubbuch, proceeding *pro se*, respectfully submits this letter-motion requesting that the Court conduct an *in camera* review of an internal corporate email thread inadvertently disclosed by Defendants' counsel.

Plaintiff seeks a judicial determination that the communication consists of non-privileged, ordinary business records and operational database directives that are fully discoverable and properly subject to inclusion in Plaintiff's forthcoming Second Amended Complaint ("SAC") due by June 26, 2026.

## I. PROCEDURAL HISTORY AND COMPLIANCE WITH FRCP 26(b)(5)(B)

On May 6, 2026, Defendants' outside litigation counsel, Mario Iskander, Esq., transmitted a lengthy email thread to Plaintiff. Embedded within that thread was an internal corporate communication spanning May 2, 2026, through May 4, 2026, between Nima Asadi, Esq. (acting as General Counsel/ Operations for Defendant Better Companies LLC), Nozzy Adloo (Operations Manager for Defendant Better Companies LLC), and outside counsel. The thread contained a technical platform screenshot tracking an administrative "App Status Change Notification" regarding Plaintiff's cellular number.[1]

On June 12, 2026, following this Court's text order granting leave to amend and directing that *"any allegations currently knowable to Plaintiff be included in the SAC,"* Plaintiff reviewed the thread and identified the disclosure. Acting in strict compliance with his ethical obligations, Plaintiff

[1] Out of an abundance of caution to ensure strict compliance with the sequestration requirements of Rule 26(b)(5)(B), and to prevent any accidental public disclosure on the ECF system, Plaintiff is filing this Letter-Motion publicly but transmitted the sequestered ***Exhibit A*** directly to the Court via the EDNY *Pro Se* Electronic Document Submission Portal (https://prose.nyed.uscourts.gov/) for *in camera* review.

immediately notified Defendants' counsel of the apparent inadvertence and requested a formal clarification of their privilege position.[2] Later that same day, Defendants' counsel asserted the attorney-client privilege and work-product protection over the entirety of the internal thread and its attachment.[3]

In accordance with Rule 26(b)(5)(B), Plaintiff immediately sequestered the native electronic file and confirmed in writing that he would not use or disclose the records until the claim of privilege is resolved by the Court. Plaintiff also requested a telephone conference to meet and confer. On June 13, 2026, Defendants' counsel explicitly rejected a conference, stating that *"a telephone conversation will not change (our positions)"* and instructed Plaintiff that *"the Rule prescribes your remedy, promptly present the sequestered information to the Court under seal for a determination of privilege."*[4] Accordingly, Plaintiff has fully exhausted his meet-and-confer requirements and now properly brings this dispute to the Court.

## II. ARGUMENT

Defendants bear the burden of establishing that the sequestered communication meets the strict statutory definitions of attorney-client privilege or work-product protection. They fail to do so. The underlying records are routine operational actions that are entirely distinct from legal counsel.

### A. The Inadvertent Thread Exclusively Comprises Non-Privileged, Operational Business Directives

The attorney-client privilege protects confidential communications between an attorney and client made for the primary purpose of obtaining or providing legal advice. It is firmly established in the Second Circuit that where an in-house or corporate General Counsel acts as a business manager, operations supervisor, or corporate officer — rather than a legal adviser — the privilege does not attach. *See* In re County of Erie, 473 F.3d 413, 421-22 (2d Cir. 2007).

The initial, operative branch of the sequestered email chain consists of an administrative directive from General Counsel Nima Asadi to Operations Manager Nozzy Adloo. The text on its face does not request legal research, analyze statutory exposure, or offer a legal opinion. Rather, it is a operational directive to execute a mechanical data function: placing Plaintiff's cellular number on an internal corporate "Do Not Call" suppression list and confirming what technical profile details existed in the database.

Database administrative management does not constitute the rendering of legal advice. Corporate personnel cannot immunize internal business workflows from federal discovery merely by routing routine data logs through an individual who holds an in-house legal title. Because the primary purpose of the communication was a business operation to modify a software user profile, it is not privileged.

---

[2] A true and correct copy of Plaintiff's June 12, 2026 notice is attached hereto as ***Exhibit B***.

[3] A true and correct copy of Defendants' June 12, 2026 response letter is attached hereto as ***Exhibit C***.

[4] A true and correct copy of the parties' June 12-13, 2026 email exchange is attached hereto as ***Exhibit D***.

## B. The Technical Platform Screenshot Is An Unprotected Business Record, Not Work Product

Defendants assert work-product protection under Rule 26(b)(3) and *United States v. Adlman*, 134 F.3d 1194 (2d Cir. 1998), over the attachment included in the thread. The attachment is a native, system-generated pipeline screenshot from Defendants' commercial Customer Relationship Management ("CRM") platform (HubSpot), showing an automated "App Status Change Notification" and structural metadata tracking a "Pipeline Status Changed."

The work-product doctrine exclusively protects documents "prepared in anticipation of litigation." *Fed. R. Civ. P. 26(b)(3)*. Under *Adlman*, a document does not receive protection if it would have been generated in the ordinary course of business irrespective of the lawsuit. *Adlman*, 134 F.3d at 1202.

The software log at issue is a standard, automated data capture created dynamically by the defendants' CRM infrastructure on December 24, 2025 — months before this lawsuit was filed. It captures system events that occur automatically in the ordinary operation of their marketing platform. It does not contain the mental impressions, litigation strategies, or legal hypotheses of outside counsel. It is raw, material business evidence that cannot be withheld under a blanket claim of work product.

## III. CONCLUSION AND REQUEST FOR RELIEF

The sequestered documents provide direct evidence that is highly material to the core issues of this action, including the operational structure of the corporate Enterprise, the lack of authentic consumer opt-in consent, and the willfulness of the underlying telemarketing violations.

To preserve a fair record while complying with the Court's instruction to plead all knowable allegations in the forthcoming SAC, Plaintiff respectfully requests that the Court:

1. **Conduct an *in camera* review of the sequestered email chain and its native attachment, which Plaintiff has filed securely alongside this motion under seal via the ECF portal;**

2. **Enter an Order declaring that the May 2, 2026, through May 4, 2026 internal corporate communication and the underlying platform metadata screenshot are non-privileged business records;** and

3. **Grant Plaintiff leave to freely incorporate allegations and direct evidence derived from these documents into his public Second Amended Complaint due on June 26, 2026.**

Respectfully submitted,

/s/***Edward B. Hubbuch***

Edward B. Hubbuch
Plaintiff, *pro se*