EDWARD B. HUBBUCH

394 LINCOLN PLACE, APT. A5
BROOKLYN, N.Y. 11238
(646) 544-7597
bhubbuch@gmail.com

June 12, 2026

Mr. Mario Iskander, Esq.
Iskander Law
1111 N. Brand Blvd., Ste. 308
Glendale, Calif. 91202

**Re: *Hubbuch v. Better Debt Solutions LLC, et al.*, No. 1:26-CV-2389-PKC-TAM**

Dear Mr. Iskander:

I write to advise you of an apparent inadvertent disclosure and to request clarification of your privilege position, consistent with my ethical obligations regarding inadvertent disclosures and the principles of Federal Rule of Civil Procedure 26(b)(5)(B).

In the course of your correspondence with me, you transmitted an email that contained, at the bottom of the thread, an internal email exchange between Nima Asadi, Esq., identified as General Counsel of Better Companies LLC, and a Better Companies LLC employee named Nozzy Adloo. That exchange concerned the suppression of calls to my telephone number ending in 7597 and referenced an attachment described as a screenshot of client intake information associated with that number.

I am writing to ask that you advise me within five (5) days — by **June 17, 2026** — whether you are asserting any claim of attorney-client privilege, work product protection, or any other privilege or protection over that email chain and its attachment, and if so, the specific legal and factual basis for that claim.

I note for your consideration that the communication at issue appears to be an internal business communication between a corporate general counsel acting in an operational capacity and a company operations employee, directing a routine database function. It does not on its face reflect the rendering or receipt of legal advice, and it was not prepared in anticipation of litigation within the meaning of Federal Rule of Civil Procedure 26(b)(3). Accordingly, I have a good faith basis to conclude that neither the attorney-client privilege nor the work product doctrine applies to the communication.

As I am sure you are aware, earlier today Judge Chen issued an order granting me leave to file a Second Amended Complaint by June 26, 2026, and directing that *"any allegations currently knowable to Plaintiff be included in the SAC."* The information contained in the email chain is currently knowable to me. Judge Chen's order therefore creates an obligation for me to include currently knowable facts in the SAC, and I intend to comply with that obligation. This will

necessarily include allegations derived from the documents referenced above, which will become part of the publicly accessible ECF docket upon filing. Your timely response to this letter will therefore assist me in determining the appropriate manner in which to do so.

If you do not respond by **June 17, 2026**, or if you confirm that you are not asserting any privilege or protection over the communication, I will treat it as non-privileged business correspondence and proceed accordingly in connection with the preparation of the Second Amended Complaint and subsequent proceedings.

If you do assert a privilege or protection claim, please identify with specificity:

1. **The date of the communication;**
2. **All persons who sent, received, or were copied on it;**
3. **The subject matter with sufficient detail to assess the claim;** and
4. **The specific privilege or doctrine you contend applies.**

I will evaluate your claim promptly and respond accordingly. To the extent any dispute regarding the claim cannot be resolved between the parties, I will seek the Court's guidance.

I have preserved the communication in its native format and have not altered it in any way.

Regards,



Edward B. Hubbuch
Plaintiff, *pro se*