**From:** mario@iskanderlaw.com
**Subject:** Re: Rule 26(b)(5)(B) correspondence, Hubbuch v. Better Debt Solutions LLC, et al., E.D.N.Y. 1:26-CV-2389-PKC-TAM)
**Date:** June 12, 2026 at 3:34 PM
**To:** Bart Hubbuch bhubbuch@gmail.com
**Cc:** Greg Grant greg@iskanderlaw.com

M

Dear Mr. Hubbuch:

I write in response to your letter of June 12, 2026. The answer to your question is yes: my clients assert the attorney-client privilege and work-product protection over the internal email exchange you describe, and over its attachment. The transmission of that material to you was inadvertent. This letter constitutes formal notice of a claim of privilege and a demand under the principles of Federal Rule of Civil Procedure 26(b)(5)(B) — the very rule your letter invokes — and Federal Rule of Evidence 502(b).

**The Inadvertent Disclosure**

On May 6, 2026, I sent you an email memorializing our settlement discussion of that day. Unbeknownst to me, until today, embedded at the bottom of that lengthy thread was a confidential internal exchange dated May 2 through May 4, 2026, between Better Companies LLC's General Counsel, a company employee, and me, together with an attachment. That internal exchange was never intended for you, was included solely as an artifact of email threading, and its presence went unnoticed. I first learned of the disclosure upon receipt of your letter today, and I am rectifying it immediately by this notice — within hours of learning of it. Under Rule 502(b), an inadvertent disclosure does not operate as a waiver where, as here, the holder took reasonable steps to prevent disclosure and promptly took reasonable steps to rectify the error.

**The Information You Requested**

Your letter asks that any claim of privilege be identified with specificity. It is:

1. Date: An email chain spanning May 2, 2026 through May 4, 2026, together with its attachment (a screenshot of internal client-account intake information).
2. Participants: Nima Asadi, Esq., General Counsel of Better Companies LLC; Nozzy Adloo, a company operations employee acting at the direction of counsel; and the undersigned, outside litigation counsel for defendants. No one outside the attorney-client relationship sent, received, or was copied on the exchange.
3. Subject matter: Confidential communications initiated by General Counsel in direct response to the Complaint in this action — the chain expressly references the Complaint — directing remedial litigation-mitigation measures, and gathering facts at counsel's request (account records, intake information, and the existence of any call recordings) to enable counsel to investigate your allegations, assess the company's exposure, and render legal advice concerning this lawsuit.
4. Privileges asserted: The attorney-client privilege, see Upjohn Co. v. United States, 449 U.S. 383 (1981), and the work-product doctrine, Fed. R. Civ. P. 26(b)(3), as to both fact and opinion work product, the latter because the exchange reveals counsel's mental impressions and the focus of counsel's litigation investigation.

**Your Characterization of the Communication Is Incorrect**

Your letter suggests the exchange is routine, non-privileged business correspondence by a general counsel acting in an 'operational capacity.' That characterization does not withstand scrutiny. The exchange would not exist but for this lawsuit: it was initiated by counsel days after the Complaint was filed, it refers to the Complaint on its face, and every step it directs or reports — the remedial suppression measure, the location of account records, the search for call recordings — was undertaken at the direction of counsel to inform counsel's evaluation of your claims and defendants' response to them. Communications between counsel and corporate employees made so that counsel can gather facts and provide legal advice are at the core of the privilege under Upjohn, and materials prepared because of litigation are protected work product under Rule 26(b)(3) even where they also serve a contemporaneous business function. See United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998).

**Your Obligations Upon Notice**

Having received this notice, and under the principles of Rule 26(b)(5)(B) that you yourself invoke, you must: (a) promptly return, sequester, or destroy the email chain and its attachment, including the native-format copy you state you have preserved and any other copies in your possession, custody, or control; (b) not use or disclose the information in any manner — including in the Second Amended Complaint, any other filing, or any communication with third parties — until the claim of privilege is resolved; and (c) take reasonable steps to retrieve the information if you have already disclosed it to anyone. Please confirm in writing by June 17, 2026 that you have complied.

**Judge Chen's Order Does Not Authorize Use of Privileged Material**

Your suggestion that Judge Chen's June 12 order obligates you to publish this material in the SAC is mistaken, and candidly I am unsure how you believe the order helps you. The order grants you leave to amend and directs that allegations 'currently knowable' to you be included in the SAC so that the Court is not confronted with serial amendments — a directive that disciplines your future filings; it says nothing about privilege, and it is not a license to use privileged material obtained through an adversary's inadvertent disclosure. Nothing in the order displaces Rule 26(b)(5)(B)'s prohibition on use pending resolution of a privilege claim. If you dispute the privilege, the Rule prescribes your remedy: you may promptly present the information to the Court under seal for a determination of the claim. What you may not do is unilaterally place the material on the public ECF docket. Should you do so, defendants will move immediately to strike and seal the filing, will seek a protective order, and will seek all other appropriate relief, including sanctions.

I would also direct your attention to the balance of the order. The Court declined to reach defendants' futility arguments only because they 'are better addressed in the context of a motion to dismiss,' and it has directed defendants to file a pre-motion conference letter regarding an anticipated motion to dismiss, or otherwise respond to the SAC, by July 27, 2026. You should expect defendants to file that letter and to move to dismiss the SAC. Amendment was granted under Rule 15(a)'s liberal standard; it is not a ruling on the sufficiency of your allegations, and building the SAC on privileged material will not cure its defects — it will compound your problems.

**Meet and Confer**

I am available to meet and confer before June 17, 2026, and in any event before your June 26 SAC

deadline, regarding this claim and, if necessary, a joint procedure for presenting the dispute to Judge Chen under seal. Given the deadlines involved, I suggest we speak early next week.

Nothing in this letter waives, and my clients expressly reserve, all rights, privileges, protections, claims, and defenses. The parties' settlement communications remain subject to Federal Rule of Evidence 408.

Sincerely,

Mario Iskander, Esq.

> On Jun 12, 2026, at 12:02PM, Bart Hubbuch <bhubbuch@gmail.com> wrote:
>
> **Re: Rule 26(b)(5)(B) correspondence, *Hubbuch v. Better Debt Solutions LLC, et al.*, E.D.N.Y. 1:26-CV-2389-PKC-TAM)**
>
> Mr. Iskander,
>
> In the wake of Judge Chen's decision today granting me leave to amend and file a Second Amended Complaint, please see the attached correspondence regarding an apparent inadvertent disclosure contained in prior communications.
>
> Regards,
> Bart Hubbuch

26-CV-2389 - RULE 2....26.pdf