**From:** **Bart Hubbuch** bhubbuch@gmail.com
**Subject:** Re: Rule 26(b)(5)(B) correspondence, Hubbuch v. Better Debt Solutions LLC, et al., E.D.N.Y. 1:26-CV-2389-PKC-TAM)
**Date:** June 12, 2026 at 8:33 PM
**To:** Mario Iskander mario@iskanderlaw.com
**Cc:** Greg Grant greg@iskanderlaw.com

BH

Mr. Iskander:

I'm in receipt of your correspondence below invoking Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b).

While I strongly dispute your characterization of these internal business directives as privileged, I will strictly comply with my procedural obligations under the Federal Rules. I have sequestered the email chain and its attachment, and I will not use or disclose the referenced communications pending resolution of your claim.

I do, however, decline to destroy the document or its native file. Rule 26(b)(5)(B) requires a receiving party to return, sequester, *or* destroy the specified information. I'm exercising my right to sequester it, as the evidence must be preserved should this dispute require presentation to the Court under seal.

Regarding your request to meet and confer, I'm available to speak on **Monday, June 15 at 2 p.m. EST** or **Tuesday, June 16 at 2 p.m. EST**.

Please confirm which time works best for you and provide a dial-in number.

Bart Hubbuch

> On Jun 12, 2026, at 3:33 PM, mario@iskanderlaw.com wrote:
>
> Dear Mr. Hubbuch:
>
> I write in response to your letter of June 12, 2026. The answer to your question is yes: my clients assert the attorney-client privilege and work-product protection over the internal email exchange you describe, and over its attachment. The transmission of that material to you was inadvertent. This letter constitutes formal notice of a claim of privilege and a demand under the principles of Federal Rule of Civil Procedure 26(b)(5)(B) — the very rule your letter invokes — and Federal Rule of Evidence 502(b).
>
> **The Inadvertent Disclosure**
>
> On May 6, 2026, I sent you an email memorializing our settlement discussion of that day. Unbeknownst to me, until today, embedded at the bottom of that lengthy thread was a confidential internal exchange dated May 2 through May 4, 2026, between Better Companies LLC's General Counsel, a company employee, and me, together with an attachment. That internal exchange was never intended for you, was included solely as an artifact of email threading, and its presence went unnoticed. I first learned of the disclosure upon receipt of your letter today, and I am rectifying it immediately by this notice — within hours of learning of it. Under Rule 502(b), an inadvertent disclosure does not operate as a waiver where, as here, the holder took reasonable steps to prevent disclosure and promptly took reasonable steps to rectify the error.
>
> **The Information You Requested**

Your letter asks that any claim of privilege be identified with specificity. It is:

1. Date: An email chain spanning May 2, 2026 through May 4, 2026, together with its attachment (a screenshot of internal client-account intake information).
2. Participants: Nima Asadi, Esq., General Counsel of Better Companies LLC; Nozzy Adloo, a company operations employee acting at the direction of counsel; and the undersigned, outside litigation counsel for defendants. No one outside the attorney-client relationship sent, received, or was copied on the exchange.
3. Subject matter: Confidential communications initiated by General Counsel in direct response to the Complaint in this action — the chain expressly references the Complaint — directing remedial litigation-mitigation measures, and gathering facts at counsel's request (account records, intake information, and the existence of any call recordings) to enable counsel to investigate your allegations, assess the company's exposure, and render legal advice concerning this lawsuit.
4. Privileges asserted: The attorney-client privilege, see Upjohn Co. v. United States, 449 U.S. 383 (1981), and the work-product doctrine, Fed. R. Civ. P. 26(b)(3), as to both fact and opinion work product, the latter because the exchange reveals counsel's mental impressions and the focus of counsel's litigation investigation.

**Your Characterization of the Communication Is Incorrect**

Your letter suggests the exchange is routine, non-privileged business correspondence by a general counsel acting in an 'operational capacity.' That characterization does not withstand scrutiny. The exchange would not exist but for this lawsuit: it was initiated by counsel days after the Complaint was filed, it refers to the Complaint on its face, and every step it directs or reports — the remedial suppression measure, the location of account records, the search for call recordings — was undertaken at the direction of counsel to inform counsel's evaluation of your claims and defendants' response to them. Communications between counsel and corporate employees made so that counsel can gather facts and provide legal advice are at the core of the privilege under Upjohn, and materials prepared because of litigation are protected work product under Rule 26(b)(3) even where they also serve a contemporaneous business function. See United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998).

**Your Obligations Upon Notice**

Having received this notice, and under the principles of Rule 26(b)(5)(B) that you yourself invoke, you must: (a) promptly return, sequester, or destroy the email chain and its attachment, including the native-format copy you state you have preserved and any other copies in your possession, custody, or control; (b) not use or disclose the information in any manner — including in the Second Amended Complaint, any other filing, or any communication with third parties — until the claim of privilege is resolved; and (c) take reasonable steps to retrieve the information if you have already disclosed it to anyone. Please confirm in writing by June 17, 2026 that you have complied.

**Judge Chen's Order Does Not Authorize Use of Privileged Material**

Your suggestion that Judge Chen's June 12 order obligates you to publish this material in the SAC is mistaken, and candidly I am unsure how you believe the order helps you. The order grants you leave to amend and directs that allegations 'currently knowable' to you be included in the SAC so that the Court is not confronted with serial amendments — a directive that disciplines your future filings; it says nothing about privilege, and it is not a license to use privileged material obtained through an adversary's inadvertent disclosure. Nothing in the order displaces Rule 26(b)(5)(B)'s prohibition on use pending resolution of a privilege claim. If you dispute the privilege, the Rule prescribes your

remedy: you may promptly present the information to the Court under seal for a determination of the claim. What you may not do is unilaterally place the material on the public ECF docket. Should you do so, defendants will move immediately to strike and seal the filing, will seek a protective order, and will seek all other appropriate relief, including sanctions.

I would also direct your attention to the balance of the order. The Court declined to reach defendants' futility arguments only because they 'are better addressed in the context of a motion to dismiss,' and it has directed defendants to file a pre-motion conference letter regarding an anticipated motion to dismiss, or otherwise respond to the SAC, by July 27, 2026. You should expect defendants to file that letter and to move to dismiss the SAC. Amendment was granted under Rule 15(a)'s liberal standard; it is not a ruling on the sufficiency of your allegations, and building the SAC on privileged material will not cure its defects — it will compound your problems.

**Meet and Confer**

I am available to meet and confer before June 17, 2026, and in any event before your June 26 SAC deadline, regarding this claim and, if necessary, a joint procedure for presenting the dispute to Judge Chen under seal. Given the deadlines involved, I suggest we speak early next week.

Nothing in this letter waives, and my clients expressly reserve, all rights, privileges, protections, claims, and defenses. The parties' settlement communications remain subject to Federal Rule of Evidence 408.

Sincerely,

Mario Iskander, Esq.

> On Jun 12, 2026, at 12:02PM, Bart Hubbuch <bhubbuch@gmail.com> wrote:
>
> **Re: Rule 26(b)(5)(B) correspondence, *Hubbuch v. Better Debt Solutions LLC, et al.,* E.D.N.Y. 1:26-CV-2389-PKC-TAM)**
>
> Mr. Iskander,
>
> In the wake of Judge Chen’s decision today granting me leave to amend and file a Second Amended Complaint, please see the attached correspondence regarding an apparent inadvertent disclosure contained in prior communications.
>
> Regards,
> Bart Hubbuch

<26-CV-2389 - RULE 26(b)(5)(B) CORRESPONDENCE - 6.12.26.pdf>

**From:** mario@iskanderlaw.com
**Subject:** Re: Rule 26(b)(5)(B) correspondence, Hubbuch v. Better Debt Solutions LLC, et al., E.D.N.Y. 1:26-CV-2389-PKC-TAM)
**Date:** June 13, 2026 at 7:24 PM
**To:** Bart Hubbuch bhubbuch@gmail.com
**Cc:** Greg Grant greg@iskanderlaw.com

M

Mr. Hubbuch:

Thank you for confirming that you have sequestered the email chain and its attachment and that you will not use or disclose the communications pending resolution of the claim. Sequestration fully satisfies your obligation under Rule 26(b)(5)(B), which is written in the disjunctive – return, sequester, or destroy – and I take no issue with your election. The protection that matters is non-use pending resolution, and you have confirmed it.

I reiterate what my prior letter set out. The sequestered material is a confidential communication exchanged solely among Better Companies LLC's General Counsel, a company employee acting at counsel's direction, and the undersigned outside litigation counsel – no one outside the attorney-client relationship sent, received, or was copied on it. It is protected by more than one privilege. It is a privileged attorney-client communication, made so that counsel could gather facts and render legal advice concerning this lawsuit, see Upjohn Co. v. United States, 449 U.S. 383 (1981); and it is attorney work product – both fact and opinion work product – prepared because of this litigation and reflecting counsel's mental impressions and the focus of counsel's investigation, Fed. R. Civ. P. 26(b)(3); United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998). Either protection is independently sufficient; together they leave no room for the "operational business directive" characterization in your letters.

As for a call: Both sides' positions are set out in full in our respective letters, and a telephone conversation will not change them. You contend the communications are non-privileged business directives; my clients have explained, with authority, why they are protected attorney-client communications and work product the law is very clear here. We have conferred in writing, and there is nothing left to negotiate.

If you genuinely dispute the claim, the Rule prescribes your remedy, promptly present the sequestered information to the Court ***under seal*** for a determination of privilege. Defendants are content to have Judge Chen decide the question and are more than confident that the Court will make the proper determination of privilege. That is the appropriate forum for this dispute – not a phone call, and not the public docket. This email was sent to you by mistake and contents are privileged.

Nothing in this letter waives, and my clients expressly reserve, all rights, privileges, protections, claims, and defenses. The parties' settlement communications remain subject to Federal Rule of Evidence 408.

Sincerely,
Mario Iskander, Esq.

> On Jun 12, 2026, at 5:33PM, Bart Hubbuch <bhubbuch@gmail.com> wrote:
>
> Mr. Iskander:
>
> I'm in receipt of your correspondence below invoking Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b).
>
> While I strongly dispute your characterization of these internal business directives as privileged, I will strictly comply with my procedural obligations under the Federal Rules. I have sequestered the email chain and its attachment, and I will not use or disclose the referenced communications pending resolution of your claim.

I do, however, decline to destroy the document or its native file. Rule 26(b)(5)(B) requires a receiving party to return, sequester, *or* destroy the specified information. I'm exercising my right to sequester it, as the evidence must be preserved should this dispute require presentation to the Court under seal.

Regarding your request to meet and confer, I'm available to speak on **Monday, June 15 at 2 p.m. EST** or **Tuesday, June 16 at 2 p.m. EST**.

Please confirm which time works best for you and provide a dial-in number.

Bart Hubbuch

On Jun 12, 2026, at 3:33 PM, mario@iskanderlaw.com wrote:

Dear Mr. Hubbuch:

I write in response to your letter of June 12, 2026. The answer to your question is yes: my clients assert the attorney-client privilege and work-product protection over the internal email exchange you describe, and over its attachment. The transmission of that material to you was inadvertent. This letter constitutes formal notice of a claim of privilege and a demand under the principles of Federal Rule of Civil Procedure 26(b)(5)(B) — the very rule your letter invokes — and Federal Rule of Evidence 502(b).

**The Inadvertent Disclosure**

On May 6, 2026, I sent you an email memorializing our settlement discussion of that day. Unbeknownst to me, until today, embedded at the bottom of that lengthy thread was a confidential internal exchange dated May 2 through May 4, 2026, between Better Companies LLC's General Counsel, a company employee, and me, together with an attachment. That internal exchange was never intended for you, was included solely as an artifact of email threading, and its presence went unnoticed. I first learned of the disclosure upon receipt of your letter today, and I am rectifying it immediately by this notice — within hours of learning of it. Under Rule 502(b), an inadvertent disclosure does not operate as a waiver where, as here, the holder took reasonable steps to prevent disclosure and promptly took reasonable steps to rectify the error.

**The Information You Requested**

Your letter asks that any claim of privilege be identified with specificity. It is:

1. Date: An email chain spanning May 2, 2026 through May 4, 2026, together with its attachment (a screenshot of internal client-account intake information).
2. Participants: Nima Asadi, Esq., General Counsel of Better Companies LLC; Nozzy Adloo, a company operations employee acting at the direction of counsel; and the undersigned, outside litigation counsel for defendants. No one outside the attorney-client relationship sent, received, or was copied on the exchange.
3. Subject matter: Confidential communications initiated by General Counsel in direct response to the Complaint in this action — the chain expressly references the Complaint — directing remedial litigation-mitigation measures, and gathering facts at counsel's request (account records, intake information, and the existence of any call recordings) to enable counsel to investigate your allegations, assess

the company's exposure, and render legal advice concerning this lawsuit.

4. Privileges asserted: The attorney-client privilege, see Upjohn Co. v. United States, 449 U.S. 383 (1981), and the work-product doctrine, Fed. R. Civ. P. 26(b)(3), as to both fact and opinion work product, the latter because the exchange reveals counsel's mental impressions and the focus of counsel's litigation investigation.

**Your Characterization of the Communication Is Incorrect**

Your letter suggests the exchange is routine, non-privileged business correspondence by a general counsel acting in an 'operational capacity.' That characterization does not withstand scrutiny. The exchange would not exist but for this lawsuit: it was initiated by counsel days after the Complaint was filed, it refers to the Complaint on its face, and every step it directs or reports — the remedial suppression measure, the location of account records, the search for call recordings — was undertaken at the direction of counsel to inform counsel's evaluation of your claims and defendants' response to them. Communications between counsel and corporate employees made so that counsel can gather facts and provide legal advice are at the core of the privilege under Upjohn, and materials prepared because of litigation are protected work product under Rule 26(b)(3) even where they also serve a contemporaneous business function. See United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998).

**Your Obligations Upon Notice**

Having received this notice, and under the principles of Rule 26(b)(5)(B) that you yourself invoke, you must: (a) promptly return, sequester, or destroy the email chain and its attachment, including the native-format copy you state you have preserved and any other copies in your possession, custody, or control; (b) not use or disclose the information in any manner — including in the Second Amended Complaint, any other filing, or any communication with third parties — until the claim of privilege is resolved; and (c) take reasonable steps to retrieve the information if you have already disclosed it to anyone. Please confirm in writing by June 17, 2026 that you have complied.

**Judge Chen's Order Does Not Authorize Use of Privileged Material**

Your suggestion that Judge Chen's June 12 order obligates you to publish this material in the SAC is mistaken, and candidly I am unsure how you believe the order helps you. The order grants you leave to amend and directs that allegations 'currently knowable' to you be included in the SAC so that the Court is not confronted with serial amendments — a directive that disciplines your future filings; it says nothing about privilege, and it is not a license to use privileged material obtained through an adversary's inadvertent disclosure. Nothing in the order displaces Rule 26(b)(5)(B)'s prohibition on use pending resolution of a privilege claim. If you dispute the privilege, the Rule prescribes your remedy: you may promptly present the information to the Court under seal for a determination of the claim. What you may not do is unilaterally place the material on the public ECF docket. Should you do so, defendants will move immediately to strike and seal the filing, will seek a protective order, and will seek all other appropriate relief, including sanctions.

I would also direct your attention to the balance of the order. The Court declined to reach defendants' futility arguments only because they 'are better addressed in the context of a motion to dismiss,' and it has directed defendants to file a pre-motion conference letter regarding an anticipated motion to dismiss, or otherwise respond to the SAC, by July 27, 2026. You should expect defendants to file that letter and to move to dismiss the SAC. Amendment was granted under Rule 15(a)'s liberal standard; it is not a ruling on the sufficiency of your allegations, and building the SAC on privileged material will not cure its defects — it will compound your problems.

**Meet and Confer**

I am available to meet and confer before June 17, 2026, and in any event before your June 26 SAC deadline, regarding this claim and, if necessary, a joint procedure for presenting the dispute to Judge Chen under seal. Given the deadlines involved, I suggest we speak early next week.

Nothing in this letter waives, and my clients expressly reserve, all rights, privileges, protections, claims, and defenses. The parties' settlement communications remain subject to Federal Rule of Evidence 408.

Sincerely,

Mario Iskander, Esq.

On Jun 12, 2026, at 12:02PM, Bart Hubbuch <bhubbuch@gmail.com> wrote:

**Re: Rule 26(b)(5)(B) correspondence, *Hubbuch v. Better Debt Solutions LLC, et al.*, E.D.N.Y. 1:26-CV-2389-PKC-TAM)**

Mr. Iskander,

In the wake of Judge Chen's decision today granting me leave to amend and file a Second Amended Complaint, please see the attached correspondence regarding an apparent inadvertent disclosure contained in prior communications.

Regards,
Bart Hubbuch

<26-CV-2389 - RULE 26(b)(5)(B) CORRESPONDENCE - 6.12.26.pdf>