# EXHIBIT H

**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| | MDL Case No. _____ |
| **IN RE RANGE VIEW ET AL TELEPHONE CONSUMER PROTECTION ACT LITIGATION** | **MOTION OF DEFENDANTS FOR TRANSFER OF ACTIONS TO THE WESTERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS** |

Defendants Range View Management LLC ("Range View"), Better Debt Solutions LLC ("BDS"), Lendvia LLC ("Lendvia"), and Better Tax Relief LLC ("BTR") (collectively, "Defendants"), by and through the undersigned counsel, respectfully move the Judicial Panel of Multidistrict Litigation (the "Panel"), pursuant to 28 U.S.C. § 1407, for an Order to transfer and consolidate to the Federal District Court for the Western District of Texas the five cases (the "Pending Actions") identified below and in the Schedule of Actions.

As set forth below and in the accompanying memorandum, the coordination or consolidation of the Pending Actions is appropriate because (1) the Pending Actions each involve one or more common questions of fact; (2) consolidation or coordination will serve greatly to the convenience of the parties, their counsel, and the judiciary and the efficient resolution of the lawsuits; and (3) consolidation or coordination will promote the just and efficient conduct of the Pending Actions and avoid the risk of inconsistent pre-trial decisions, including class certification decisions pursuant to Fed. R. Civ. P. 23. In support of its motion, Defendants further aver as follows:

1. The Pending Actions all allege that one or more of the Defendants violated the Telephone Consumer Protection Act ("TCPA") by allegedly placing calls to telephone numbers

registered on the National Do-Not Call Registry ("National DNC") via pre-recorded or artificial voice machines for the purposes of soliciting certain financial services or products.

2. Three of the five Pending Actions are putative class actions with nearly identical class definitions. For example, *Collins et al. v. Better Tax Relief LLC*, *Rapp et al. v. Range View Management LLC et al.*, and *Pinn et al. v. Better Tax Relief, LLC* each allege nationwide classes comprised of any person in the United States that received a call from one or more Defendants for the purposes of soliciting Defendants' goods or services in the past four years. *Collins* and *Rapp*, specifically, provide nearly identical class definitions: (1) "All persons within the United States," (2) registered on the [National DNC] for at least 31 days," (3) that received two or more calls from Defendants and/or a third party acting on Defendants' behalf, (4) for purposes of "promoting Defendants' products or services," (5) "within any twelve-month period," and (6) "within the four (4) years prior to the filing of the Complaint."

3. *Collins* and *Pinn* also allege statewide putative classes under the Florida Telephone Consumer Protection Act and the Texas Business and Commerce Code, respectively. The scope of the respective state putative classes is virtually identical to the nationwide TCPA classes.

4. Two other actions, *Herrera v. Lenvia LLC* and *Silva v. Lendvia LLC*, also seek individual relief and assert claims under the TCPA that are entirely subsumed by the TCPA classes in *Collins*, *Rapp*, and *Pinn*. Additionally, *Herrera* and *Silva* both assert claims under the Texas Business and Commerce Code that are entirely subsumed by the statewide class in the *Pinn* action.

5. *Collins* and *Rapp* were filed on June 11, 2024 and June 28, 2024, respectively, in the United States District Court for the Central District of California. *Pinn* was filed on May 27, 2024 in the United States District Court for the Northern District of Texas. *Silva* and *Herrera* were filed on May 3, 2024 and June 20, 2024, respectively, in the United States District Court for the Western District of Texas.

6.       Transfer and consolidation of the Pending Actions in the Western District of Texas will ensure the just and efficient conduct of litigation and is necessary to avoid inconsistent pretrial decisions, overlapping class determinations, and duplicative discovery.

7.       Indeed, all five cases will involve the same written discovery, relevant documents, and largely overlapping witnesses.

8.       Since the *Collins*, *Rapp*, and *Pinn* plaintiffs will pursue class certification for nationwide TCPA classes, consolidation of the Pending Actions is necessary to develop consistent law of the case and aid in the potential resolution of these actions.

9.       The Western District of Texas is the appropriate court to oversee the Pending Actions and will provide tremendous efficiency and cost savings to the respective parties. A substantial number of the factual allegations, documents, and witnesses reside or arise out of Texas. Upon information and belief, three of the named plaintiffs currently reside in Texas. Specifically, the two plaintiffs in *Herrera* and *Silva* reside in the Western District. The remaining plaintiffs reside in Pennsylvania, Florida, Indiana, and North Dakota. Upon information and belief, not a single plaintiff resides in California, including the plaintiffs for the actions filed in the Central District of California, and will therefore not be prejudiced by having their actions consolidated in the Western District of Texas for pretrial proceedings.

10.      Finally, the early transfer and consolidation of the Pending Actions will avoid repetitive motion practice  and will significantly lessen the burden placed on the district courts and the parties.

WHEREFORE, Defendants respectfully request that the Judicial Panel on Multidistrict Litigation grant Defendants' motion and transfer the Pending Actions to the United States District Court for the Western District of Texas for coordinate or consolidated pretrial proceedings.

Dated: July 26, 2024

Respectfully submitted,

/s/ Michael A. Goldsticker
Michael A. Goldsticker
N.C. State Bar No. 57617
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
P.O. Box 389 (27602-0389)
Raleigh, North Carolina 27601
Telephone:    (919) 828-0564
Facsimile:    (919) 834-4564
Email:        michaelgoldsticker@parkerpoe.com

Brent R. Phillips
PHILLIPS LAW CORPORATION
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

*Attorneys for Defendant Range View Management, LLC; Lendvia LLC; Better Debt Solutions LLC; and Better Tax Relief LLC*

4

**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
|  | MDL Case No. _____ |
| **IN RE RANGE VIEW ET AL TELEPHONE CONSUMER PROTECTION ACT LITIGATION** | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RANGE VIEW MANAGEMENT'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS** |

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to 28 U.S.C. § 1407, Range View Management LLC ("Range View"), Better Debt Solutions LLC ("BDS"), Lendvia LLC ("Lendvia"), and Better Tax Relief LLC ("BTR") (collectively, "Defendants"), by and through the undersigned counsel, move to transfer and consolidate to the Federal District Court for the Western District of Texas five cases (the "Pending Actions"). Three of the cases are class action cases, which each assert claims under the federal Telephone Consumer Protection Act ("TCPA") on behalf of a nationwide class. Two of the class actions also assert claims under analogous state laws on behalf of statewide classes, in addition to a nationwide TCPA class.

Section 1407 provides for the transfer and consolidation of pending civil actions for pretrial proceedings to multidistrict litigation proceedings when (1) there is one or more common questions of fact between civil actions pending in different districts; (2) the transfer will be for the convenience of the parties and witnesses; and, (3) the transfer will promote the just and efficient conduct of the actions to be consolidated. 28 U.S.C. § 1407(a). These factors are satisfied here.

First, there are multiple common questions of fact among the Pending Actions.[1] As reflected in the complaints, attached hereto as exhibits, each of the Pending Actions is virtually

---

[1] Defendants expressly reserve, and in no way waive, any argument with respect to whether common questions of fact predominate across the putative class actions for purposes of class certification. Defendants assert only that common factual and legal contentions reciprocate across the Pending Actions such that consolidation under 28 U.S.C. § 1407 is appropriate. *See also In re 7-Eleven Franchise Antitrust Litig.*, 358 F. Supp. 286, 287 (J.P.M.L. 1973) ("The criteria for a class determination pursuant to Rule 23 of the Federal Rules of Civil Procedure are different from

1

identical. Each Pending Action asserts causes of action for Defendants' alleged violations of the TCPA, 47 U.S.C. § 227, and are based on almost the same factual allegations.

Second, transfer and consolidation under Section 1407 of the Pending Actions serves the convenience of the parties and witnesses in that it will facilitate the efficient conduct of common discovery. The discovery in the Pending Actions will be identical because each of the Pending Actions alleges the same or substantially similar causes of action for violations of the TCPA based on the same factual allegations, including that the individual plaintiffs registered their personal cellular devices on National Do-Not Call Registry ("National DNC") and received one or more calls, emails, and/or texts from Defendants purporting to provide debt relief services. Transfer and consolidation will eliminate duplicative discovery, prevent inconsistent pretrial discovery rulings and conserve the resources of the parties, their counsel, and the judiciary during the discovery process.

Third, transfer and consolidation to the Western District of Texas serves the convenience of the parties and witnesses. Much of the alleged underlying claims arose in Texas. Indeed, many of the named Defendants conduct business in Texas, and many of the witnesses relevant to the underlying claims are located in the Western Division. Potentially relevant documents originate from or are maintained in Texas. And three of the five cases assert claims under both the TCPA and the Texas Business and Commerce Code ("TB&CC")—including one case that purports to represent a nationwide TCPA class and statewide TB&CC class. Moreover, two of the five Pending Actions are currently pending in the Western Division, four of the seven named plaintiffs currently reside in Texas, and two of the seven named plaintiffs specifically reside in the Western Division.

Fourth, transfer and consolidation will promote the just and efficient conduct of the Pending Actions due to the high risk of conflicting and inconsistent rulings by multiple courts on the same issues. To begin with, three of the cases are class action cases that seek to represent nationwide classes for claims under the TCPA. Of these three cases, two of them also seek to

---

the criteria for transfer pursuant to 28 U.S.C. § 1407.").

2

represent statewide classes under analogous state laws, including the TB&CC and Florida Telephone Solicitation Act ("FTSA"). There is the risk of conflicting and inconsistent class determinations under Rule 23 by courts in different jurisdictions. The Judicial Panel has stated that multiple class action cases under Rule 23 are ideal, if not compulsory, candidates for transfer and consolidation under Section 1407 due to the risk of inconsistent class determinations by different courts. *See, e.g.*, *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975) ("We have consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determinations exists."). Moreover, the outcome of the parties' dispositive motions should be consistent in light of the overlapping facts and law upon which the Pending Actions are based. Given the commonality of facts and underling law across the Pending Actions, there is the risk of inconsistent and conflicting rulings on dispositive motions if the Pending Actions were to proceed separately for pretrial purposes.

Because the Pending Actions involve common questions of fact and transfer and consolidation will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the Pending Actions, Defendants' Motion to Transfer and Consolidate the Pending Actions to the United States District Court for the Western District of Texas should be GRANTED.

## II. FACTUAL BACKGROUND

### A.     Defendants

Defendants are limited liability companies organized under the laws of California or Wyoming and that routinely conduct business in Texas and many other states across the country. Defendants offer debt-related services to the public through websites and other mediums. Defendants provide an array of financial services, including but not limited to debt consolidation services and loans, debt relief, debt settlement, debt negotiation, bankruptcy services, and credit assistance services. Potential customers that are interested in receiving certain financial services, including debt consolidation or settlement, routinely access Defendants' respective websites to begin applying for the applicable and desired services.

**B.    The Pending Actions**

Between May 3, 2024 and July 10, 2024, the five Pending Actions were filed against Defendants, as identified below:

1)  *Richard Collins et al. v. Better Debt Solutions LLC et al.,* Case No. 8:24-cv-01263 (C.D. Cal. June 11, 2024*)* (hereinafter, the *"Collins* Action") (attached hereto as **Exhibit A**);

2)  *Aaron Rapp et al. v. Range View Management LLC & Better Debt Solutions LLC*, Case No. 8:24-cv-01438 (C.D. Cal. June 28, 2024) (hereinafter, the "*Rapp* Action") (attached hereto as **Exhibit B**);

3)  *Kelly Pinn et al. v. Better Tax Relief LLC*, Case No. 4:24-cv-00488 (N.D. Tex. May 27, 2024) (hereinafter, the "*Pinn* Action") (attached hereto as **Exhibit C**);

4)  *Barbara Silva v. Lendvia LLC*, Case No. 3:24-cv-00155 (W.D. Tex. May 3, 2024) (hereinafter, the "*Silva* Action") (attached hereto as **Exhibit D**); and

5)  *Nubia Herrera v. Lendvia LLC*, Case No. 3:24-cv-00215 (W.D. Tex. June 20, 2024) (hereinafter, the "*Herrera* Action") (attached hereto as **Exhibit E**); [2]

Each of the Pending Actions alleges violations of the TCPA, 47 U.S.C. § 227. Specifically, each action alleges that Defendants used pre-recorded and/or artificial voice machines and that Defendants allegedly called plaintiffs' cell phone numbers that were allegedly registered on the National DNC.  Three of the Pending Actions—namely the *Collins*, *Rapp*, and *Pinn* Actions—are putative class action lawsuits that each seek to represent an virtually identical nationwide TCPA class. In fact, these three class action complaints provide virtually identical proposed class definitions, including for "all persons within the United States" that were (1) registered on the National DNC and (2) were contacted two or more times by Defendants within the preceding four years without prior consent. (*See* Exhibit C at ¶ 39; Exhibit A at ¶ 171; Exhibit B at ¶ 63).

---

[2] Not included in this list is *Leslie Seely v. Lendvia LLC*, Case No. 248200234170 (Justice Ct., Harris Cty, Tex.), which was filed in the Harris County, Texas Justice Court against Defendant Lendvia. Like the Pending Actions, the *Seely* Action asserts claims under the TCPA for alleged violations of 42 U.S.C. § 227 *et seq.* Because the complaint seeks damages and cost pursuant to federal law, namely the TCPA, Defendants are in the process of removing the case to federal court. Upon removal, and if this Panel grants consolidation of the Pending Actions, Defendants intend to have the *Seely* Action transferred to the MDL. The plaintiff in *Seely* is a Texas resident.

4

Moreover, the *Pinn* Action and *Collins* Action also assert class action claims under respective state laws in addition to TCPA claims. The *Pinn* Action asserts claims under the TB&CC for "[a]ll persons in the State of Texas who (1) received a telephone solicitation call from or on behalf of Defendant, (2) at any time during which Defendant was not registered as a telephone solicitor with the Texas Secretary of State, [and] (3) at any time in the period that begins four years before the date of filing this Complaint to trial." (Exhibit C at ¶ 39). The *Collins* Action asserts claims under the FTSA for "[a]ll persons within the State of Florida who received any solicitation/telemarketing phone calls or texts messages from Defendants . . . within the four years prior to the filing of th[e] Complaint." (Exhibit A at ¶ 172).

The other two Pending Actions—the *Herrera* and *Silva* Actions—also each seek individual relief under the TCPA. Each of these cases assert claims against the same or similar Defendants for alleged TCPA violations, including via the alleged use of "spoofing," the use of artificial or automated voice recordings and messages, and the knowing and willful calling of plaintiffs' numbers allegedly registered on the National DNC without prior written consent. As such, these claims are entirely subsumed by the nationwide putative classes identified in the *Collins* Action, *Rapp* Action, and *Pinn* Action. The *Herrera* Action and *Silva* Action also assert claims under the Texas Business and Commerce Code §§ 302.101, 305.053, which are entirely subsumed by the statewide TB&CC class sought by the *Pinn* Action.

In short, the complaints make virtually identical allegations that Defendants violated the TCPA's restrictions on telemarketing business solicitations in the following ways: (1) by using an automatic telephone dialing system to initiate a call to plaintiffs' cellular phones; (2) by calling plaintiffs when plaintiffs' phone numbers were allegedly registered on the National DNC maintained by the Federal Trade Commission; (3) by initiating a telephone call(s) to plaintiffs using an artificial or prerecorded voice to deliver a message; (4) that Defendants did not have plaintiffs' prior written consent to make the call(s) or have an established business relationship with plaintiffs; and (5) that Defendants' alleged violations of the TCPA were knowing and willful.

### III. ARGUMENT AND AUTHORITIES

**A.       Standard For Consolidation And Transfer**

Pursuant to 28 U.S.C. § 1407, pending civil actions may be transferred to and consolidated for pretrial proceedings to Multidistrict Litigation proceedings when (1) there is one or more common questions of fact between civil actions pending in different districts; (2) the transfer will be for the convenience of the parties and witnesses; and, (3) the transfer will promote the just and efficient conduct of the actions to be consolidated. *See* 28 U.S.C. § 1407(a); *see also In re Asbestos Prod. Liability. Litig. (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991); *In re Griseofulvin Antitrust Litig.*, 395 F. Supp. 1402, 1403 (J.P.M.L. 1975).

**1.       The Pending Actions Raise The Exact Same Questions Of Fact**

The Pending Actions against Defendants are virtually identical.[3]  Each of the complaints alleges one or more causes of action for violations of the TCPA or causes of action arising from the same theories of liability and conduct.  The cases raise the exact same questions of fact and law of whether Defendants violated the TCPA when they allegedly called plaintiffs. *See, e.g.*, *In re Wireless Tel. Replacement Protection Programs Litig.*, 180 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002) (granting motion to transfer and consolidate where the underlying cases involved "nearly identical allegations" relating to wireless telephone replacement protection programs). These common questions include: (1) Whether Defendants used an automatic telephone dialing system to initiate a call to plaintiffs' cellular phone; (2) Whether Defendants called plaintiffs when their phone numbers were on the National DNC; (3) Whether Defendants knew or should have known that plaintiffs' phone numbers were listed on the National DNC; (4) Whether Defendants initiated a telephone call to plaintiffs using an artificial or prerecorded voice to deliver a message; (5)

---

[3]Counsel for two of the class action cases appear to have filed almost identical complaints. For example, the *Collins* Action and *Rapp* Action were both prepared and filed roughly two weeks apart in the Central District of California by the law firm of Kazerouni Law Group, APC. The respective complaints include virtually the same—and, in some instances, identical—allegations and factual or legal recitations.

Whether or not Defendants had plaintiffs' prior written consent to make the calls or had an established business relationship with plaintiffs; and (6) Whether Defendants' alleged violations of the TCPA were knowing and willful.[4]

2. **Transfer And Consolidation of The Pending Actions In The United States District Court For The Western District of Texas Will Serve The Convenience of The Parties And Witnesses**

a. **Transfer And Consolidation Will Serve The Convenience of The Parties And Witnesses By Facilitating The Efficient Conduct of Discovery**

The primary factor when determining whether transfer and consolidation under Section 1407 will serve the convenience of the parties and witnesses is whether such transfer and consolidation is necessary to facilitate the efficient conduct of common discovery. *In re Mirena IUS Levonorgestrel-Related Prod. Liab. Litig. (No. II)*, 249 F. Supp. 3d 1357, 1360 (J.P.M.L. 2017); *In re: Wright Medical Tech. Inc. v. Conserve Hip Implant Products Liability Litig.*, 844 F. Supp. 2d 1371, 1372 (J.P.M.L. 2012) (noting that transfer is warranted where centralization of discovery will eliminate duplicative discovery and prevent inconsistent pretrial rulings on discovery); *In re Tri-State Water Rights. Litig.,* 481 F.Supp.2d 1351, 1352 (J.P.M.L. 2007). The Judicial Panel has consistently emphasized the need for centralization to eliminate duplicative discovery and prevent inconsistent pretrial discovery rulings in order to conserve the resources of the parties, their counsel, and the judiciary. *In re: TLI Commc'ns LLC Pat. Litig.*, 26 F. Supp. 3d 1396, 1397 (J.P.M.L. 2014); *In re: £Maxim Integrated Prod., Inc., Pat. Litig.*, 867 F. Supp. 2d 1333, 1334–35 (J.P.M.L. 2012).

Here, there is no question that transfer and consolidation under Section 1407 of the Pending Actions will facilitate the efficient conduct of common discovery. The Pending Actions share common issues of fact regarding Defendants alleged telephone solicitation and will involve the exact same factual discovery. Indeed, discovery for each of the Pending Actions will entail the

---

[4]Though four cases also assert state law claims in addition to TCPA claims—i.e., *Collins* Action (Florida Telephone Solicitaiton Act), *Pinn* Action (Texas Business & Commerce Code), *Herrera* Action (Texas Business & Commerce Code), and *Silva* Action (Texas Business & Commerce Code)—those causes of action are based entirely on the same alleged conduct giving rise to plaintiffs' TCPA claims.

same or substantially similar types of documents, including call logs, Defendants' policies or procedures regarding National DNC, and agreements regarding plaintiffs' consent to be contacted, among other materials. Moreover, the Pending Actions identify the same or substantially similar Defendants and therefore will necessarily involve depositions of the same witnesses and the same written discovery. *See In re Ortho Evra Prods. Liab. Litig.*, 422 F. Supp. 2d 1379, 1381 (J.P.M.L. 2006) (noting that transfer and coordination with largely avoid duplicating written discovery and depositions, which will conserve the parties' and their counsels' resources). For example, the three of the Pending Actions assert claims against Defendant Lendvia, including the *Collins* Action (C.D. California), the *Herrera* Action (W.D. Texas), and the *Silva* Action (W.D. Texas). Likewise, two of the Pending Actions assert claims against Defendant BDS, including the *Collins* Action (C.D. California) and the *Rapp* Action (C.D. California).

Finally, consolidation will conserve the resources of the parties, their counsel, and the judiciary. Defendants are collectively represented by the same counsel. Plaintiffs in the *Collins* Action and *Rapp* Action are represented by the same counsel. Both cases purport to represent nationwide TCPA classes, which would subsume the *pro se* claims asserted in the *Herrera* Action and *Silva* Action. Similarly, while plaintiffs in the *Pinn* Action are represented by counsel from Pennsylvania, their claims under the TCPA, including for a nationwide class, similarly overlap with the *Collins* Action and *Rapp* Action. As such, it will be a waste of the parties' and judiciary's resources to litigate virtually identical cases in various states and federal district courts.

As such, the transfer and consolidation of the Pending Actions will eliminate duplicative discovery and instead facilitate common discovery.

### 2. Transfer And Consolidation Serves The Convenience of The Parties And Witnesses Because The Relevant Documents And Witnesses Are Located In The Western District of Texas

The Judicial Panel also considers where the underlying claims arose, where relevant documents are located, and where the majority of the witnesses relevant to the underlying claims are located to determine if pending cases should be consolidated and transferred to a particular federal district court. *See, e.g.*, *In re Novartis Wage and Hour Litig.*, 460 F. Supp. 2d 1382–83

(J.P.M.L. 2006); *In re Am. Online, Inc.*, 162 F. Supp. 2d 960, 691 (J.P.M.L. 2001). Transfer and consolidation under Section 1407 to the district where the claims arose and relevant documents and witnesses are located best serves the convenience of the parties and witnesses and promotes the just and efficient conduct of the litigation. *Id.*

Here, the Pending Actions should be consolidated and transferred to the Western District of Texas for the convenience of the parties and witnesses and to promote the just and efficient conduct of the ligation for multiple reasons. First, two of the Pending Actions were filed in the Western District of Texas. Second, three of the Pending Actions assert claims under the Texas Business & Commerce Code, including the *Pinn* Action, the *Herrera* Action, and the *Silva* Action. Third, the *Pinn* Action, which was filed in the nearby Northern District of Texas, seeks both a nationwide TCPA class and a Texas Business and Commerce Code class. Fourth, a substantial number of witnesses reside in or within close proximity to the Western District of Texas, including three named plaintiffs. Fifth, Defendants BDS, Lendvia, and BTR routinely conduct business in Texas, including the Western District of Texas.[5]

Moreover, transfer and consolidation in the Western District of Texas imposes no burden on plaintiffs located outside the state of Texas because "a Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise." *In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litig.*, 424 F.Supp. 504, 506 (J.P.M.L. 1976). Moreover, not a single plaintiff resides in California despite two of the Pending Actions, *i.e.* the *Collins* Action and *Rapp* Action, having been filed in the Central District of California. For instance, the named plaintiffs in the *Collins* Action reside in Pennsylvania, North Dakota, and Florida. The named plaintiff in the *Rapp* Action resides in Indiana. As such, the three named plaintiffs that reside in Texas will benefit from consolidation and the plaintiffs residing in other states will bear no additional burden in traveling to Texas as opposed to California where their claims were originally filed. Indeed, the different states in which

---

[5] Defendants also note that the United States District Court for the Western District of Texas has presided over a number of multidistrict litigations and is therefore fully capable of overseeing pretrial proceedings for the Pending Actions. *See, e.g.*, *In re Whole Foods Market, Inc., Greek Yogurt Manufacturing & Sales Practices Litigation*, Case No. 1:14-MC-02588-SS (W.D. Tex. Dec. 12, 2014).

the numerous plaintiffs reside furthers shows the need for consolidated proceedings within a single district.

3. **Transfer And Consolidation Will Promote The Just And Efficient Conduct Of The Pending Actions Due To The Risk Of Conflicting And Inconsistent Ruling By Multiple Courts**

The Judicial Panel has consistently found that transfer and consolidation under Section 1407 will promote the just and efficient conduct of related actions where there is a risk of conflicting and inconsistent ruling by multiple courts on the same issues. *In re Butterfield Pat. Infringement*, 328 F. Supp. 513, 514–515 (J.P.M.L. 1970); *In re Fourth Class Postage Reguls.*, 298 F. Supp. 1326, 1327 (J.P.M.L. 1969); *In re Concrete Pipe*, 302 F. Supp. 244, 255–56 (J.P.M.L. 1969). This consideration has been recognized as a basis for ordering cases to be transferred under 28 U.S.C. § 1404(a) to avoid the risk of injury to the parties by consistent judicial treatment. *In re Butterfield*, 328 F. Supp. at 514–15; *In re Fourth Class Postage*, 298 F. Supp. at 1327.

a. **Congress and The Judicial Panel Have Recognized Class Action Cases as Appropriate and Necessary for Transfer Due to The Risk of Inconsistent and Conflicting Class Determinations**

Congress, when enacting 28 U.S.C. § 1407, identified class action cases as those cases particularly appropriate for transfer and consolidation for multidistrict litigation proceedings. *See In re Plumbing Fixture Cases*, 298 F. Supp. 484, 493 (J.P.M.L. 1968). The Judicial Panel has consistently recognized that the transfer of class actions under Section 1407 is appropriate and often necessary due to the high likelihood of conflicting and inconsistent class determinations under Rule 23 by courts in different jurisdictions. *See, e.g.*, *In re Charlotte Russe, Inc.*, 505 F. Supp. 2d 1377, 1378 (J.P.M.L. 2007) (noting that centralization is appropriate "especially with respect to class certification" issues and to "prevent inconsistent pretrial rulings"); *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) (granting motion to consolidate in order to "prevent inconsistent pretrial rulings (especially with respect to class certifications and summary judgments)."). Indeed, as stated by the Judicial Panel, class action cases under Federal Rule 23 present "highly persuasive if not compelling

10

reason[s] for transfer of all actions to a single judge." *In re Natural Resources Fund*, 372 F. Supp. at 1404 (granting consolidation); *see also In re Equity Funding Corp.*, 375 F. Supp. at 1385–86 (holding that the transfer and consolidation of class action cases is appropriate, if not necessary, due to the possibility of conflicting and inconsistent class determinations).

Three of the Pending Actions here contain Rule 23 class allegations based upon identical or virtually identical alleged violations of the TCPA and preliminarily define the putative classes as covering "all persons in the United States" that (1) were registered on the National DNC and (2) received at least two unsolicited calls from one or more Defendants in the preceding four years. The potential for inconsistent or conflicting class determinations is readily apparent, particularly in cases such as these where multiple class actions purport to represent the same nationwide classes and include potentially thousands, if not hundreds of thousands, of prospective plaintiffs. These conflicts include conflicting or inconsistent rulings on class issues and defenses, the class claims, the scope of the respective classes, whether there is one or multiple classes, the respective parties in the class, and the class allegations. Moreover, if consolidation were not granted, Defendants would be acutely impacted by proceeding in multiple nationwide class actions that largely reflect the same class definitions, potential plaintiffs, and claims. The transferee judge, with all of the claims and parties before the court, will have a clear picture of the scope and complexity of the litigation, which is essential to making fair and balanced class determinations.

Finally, a central court overseeing the TCPA class allegations would be sufficiently informed to construct or define state-specific classes in accordance with Florida and Texas law, and consolidation would not prejudice those plaintiffs asserting state claims. *See In re Delphi Corp. Sec., Derivative, and "ERISA" Litig.*, 403 F. Supp. 2d 1358, 1360 (J.P.M.L. 2005) (noting that transfer under Section 1407 "has the salutary effect of fostering a pretrial program that allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues."). Accordingly, the Pending Actions should be transferred and consolidated to a single judge to avoid the risk of and prejudice associated with conflicting class determinations.

11

**b.** **There Is a Risk Of Inconsistent and/or Conflicting Rulings On Motions For Summary Judgment**

It is well-settled that "pretrial proceedings" for cases transferred and consolidated under Section 1407 potentially encompass dispositive motions, including motions for summary judgment. *In re Butterfield Pat. Infringement*, 328 F. Supp. 513, 514–15 (J.P.M.L. 1970); David F. Herr, MULTIDISTRICT LITIGATION MANUAL § 9:20 n.4 (2014) (citing cases). The Judicial Panel has recognized that the risk of inconsistent rulings on summary judgment motions by multiple courts is a compelling factor in favor of transfer and consolidation. *In re Butterfield*, 328 F. Supp. at 514.

Here, Defendants intend to move for summary judgment, in whole or in part, on plaintiffs' causes of action for violations of the TCPA and analogous state laws. Plaintiffs may also move for summary judgment or partial summary judgment on their claims or one or more of the defenses raised by Defendants. The outcome of the parties' motions should be consistent given that all the Pending Actions are based on the same or substantially similar alleged conduct, including purported violations of the TCPA. Litigating these anticipated dispositive motions across various courts presents a real but entirely avoidable possibility of different holdings or, at the least, different factual determinations despite the common factual and legal nucleus in the Pending Actions. If the Pending Actions are consolidated before the Western District of Texas, any ruling on the parties' respective dispositive motions, including summary judgment motions, would be the same for all parties. Accordingly, consolidation and transfer is appropriate to avoid injury to the parties resulting from inconsistent judicial treatment of dispositive motions. *In re Butterfield*, 328 F. Supp. at 514.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Judicial Panel grant Defendants' Motion to Transfer and Consolidate for Pretrial and transfer and consolidate the Pending Actions listed on the Schedule of Actions filed herewith to the United States District Court for the Western District of Texas.

Dated: July 26, 2024

Respectfully submitted,

/s/ Michael A. Goldsticker

Michael A. Goldsticker
N.C. State Bar No. 57617
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
P.O. Box 389 (27602-0389)
Raleigh, North Carolina 27601
Telephone:        (919) 828-0564
Facsimile:        (919) 834-4564
Email:            michaelgoldsticker@parkerpoe.com

Brent R. Phillips
PHILLIPS LAW CORPORATION
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

*Attorneys for Defendant Range View Management, LLC; Lendvia LLC; Better Debt Solutions LLC; and Better Tax Relief LLC*

13