**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

EDWARD B. HUBBUCH,

     Plaintiff,

v.

BETTER DEBT SOLUTIONS LLC; LENDVIA LLC; RANGE VIEW MANAGEMENT LLC; BETTER TAX RELIEF LLC; BETTER COMPANIES LLC; MOHAMMAD GHAFARINIA a/k/a MATT GHAFARINIA a/k/a MATT NIA; and JOHN DOES 1–9,

     Defendants.

Case No. 1:26-cv-02389-PKC-TAM

### [PROPOSED] CONSENT ORDER FOR PRESERVATION OF THIRD-PARTY EVIDENCE

WHEREAS, Plaintiff Edward B. Hubbuch has filed a letter-motion (Dkt. 25) seeking leave to serve a Rule 45 subpoena duces tecum upon third-party telecommunications carrier AT&T Mobility LLC prior to the Rule 26(f) conference, seeking preservation and production of call detail records and related network data for the cellular telephone number (646) 544-7597 for the period January 1, 2026 through April 30, 2026;

WHEREAS, the Court's July 6, 2026 Text Order directed the parties to address whether a preservation order to AT&T Mobility LLC would suffice at this stage to preserve the evidence while Defendants' anticipated motion to dismiss is adjudicated, and invited the parties to submit a proposed preservation order on consent in lieu of the briefing schedule;

WHEREAS, Defendants opposed the requested pre-conference subpoena as premature under Federal Rule of Civil Procedure 26(d)(1) and do not concede that Plaintiff has shown good cause for expedited discovery, but agree to entry of this Order solely to preserve the status quo and avoid the briefing contemplated by the July 6, 2026 Text Order, and without waiver of any objection or defense;

WHEREAS, the parties have conferred and agree that entry of this Consent Preservation Order is sufficient at this stage to protect the relevant evidence pending the commencement of formal discovery;

**IT IS HEREBY ORDERED as follows:**

**1. Preservation Obligation.** AT&T Mobility LLC is hereby directed to preserve, and shall not destroy, delete, purge, overwrite, or otherwise render unavailable, all records within its possession, custody, or control reflecting inbound calls received by the cellular telephone number (646) 544-7597 during the period January 1, 2026 through April 30, 2026, inclusive, to the extent such records exist and have not already been purged in the ordinary course pursuant to AT&T Mobility LLC's standard retention schedules as of the date of this Order, consisting of the following categories:

(a) All call detail records reflecting inbound calls to the number (646) 544-7597, including the date, time, and duration of each call or attempted call;

(b) All Automatic Number Identification ("ANI") data reflecting the originating telephone number associated with each inbound call, including any Automatic Number Identification Failure ("ANIF") designations;

(c) All network signaling records, including SS7 or equivalent signaling data, Initial Address Messages ("IAMs"), calling party number ("CPN") fields, and originating point code ("OPC") information;

(d) All Calling Name Delivery ("CNAM") data associated with inbound calls to the number (646) 544-7597; and

(e) All records reflecting AT&T Mobility LLC's standard data retention schedules applicable to the categories of records described in subparagraphs (a) through (d) above.

**2. Scope.** This Order applies solely to records relating to the cellular telephone number (646) 544-7597 for the period January 1, 2026 through April 30, 2026. Nothing in this Order requires AT&T Mobility LLC to preserve records beyond those described in Paragraph 1, to create records not kept in the ordinary course of business, or to produce any records at this time.

**3. Duration.** AT&T Mobility LLC shall preserve the records described in Paragraph 1 until the earlier of:

(a) The commencement of formal discovery in this action and completion of any Rule 45 subpoena duces tecum directed to AT&T Mobility LLC;

(b) Further order of this Court modifying or vacating this Preservation Order; or

(c) Written agreement of the parties.

**4. Service; Costs.** Plaintiff shall serve a copy of this Order upon AT&T Mobility LLC's Legal Department at its designated address for service of legal process within five (5) business days of entry of this Order, shall file proof of such service on the docket, and shall provide a copy to Defendants' counsel. Plaintiff shall bear all costs associated with the preservation and any subsequent production of the records described in Paragraph 1.

**5. Reservation of Rights.** Nothing in this Order shall be construed to limit, waive, or prejudice Plaintiff's right to seek production of the records described in Paragraph 1 through a properly served Rule 45 subpoena duces tecum upon the commencement of discovery in this action. Nothing in this Order shall be construed to limit, waive, or prejudice Defendants' right to object to any such subpoena on any ground available under the Federal Rules of Civil Procedure, including relevance, overbreadth, undue burden, and third-party privacy, or to concede that the records described in Paragraph 1 are relevant or discoverable.

**6. No Waiver.** Entry of this Order does not constitute a waiver by any party of any right, defense, objection, or argument in this action, including without limitation Defendants' rights to move to dismiss the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1),

12(b)(2), and 12(b)(6), and Defendants' defenses of lack of personal jurisdiction (including as to Defendant Mohammad Ghafarinia).

7. No Finding of Good Cause; No Discovery. Entry of this Order is not a finding that Plaintiff has shown good cause for expedited discovery under Federal Rule of Civil Procedure 26(d)(1), does not constitute the commencement of discovery, and does not authorize service of the proposed subpoena or any other discovery request prior to the parties' Rule 26(f) conference. The parties agree that no formal discovery has commenced.

**SO ORDERED.**

Dated: _____, 2026
       Brooklyn, New York

_____

Hon. Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York

**AGREED AND CONSENTED TO:**

*Edward B. Hubbuch*

EDWARD B. HUBBUCH
394 Lincoln Place #A5
Brooklyn, New York 11238
bhubbuch@gmail.com
(646) 544-7597

Plaintiff, pro se

_____

MARIO ISKANDER, ESQ.
Iskander Law
1111 N. Brand Blvd., Ste. 308, Glendale, Calif. 91202
mario@iskanderlaw.com | (240) 439-1970
Attorney for Defendants