# EDWARD B. HUBBUCH

394 LINCOLN PLACE, APT. A5
BROOKLYN, N.Y. 11238
(646) 544-7597
bhubbuch@gmail.com

---

**VIA ECF**

**PLAINTIFF'S RESPONSE TO DEFENDANT'S LETTER FOR PRE-MOTION CONFERENCE**

July 27, 2026

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

**Re: _Hubbuch v. Better Debt Solutions LLC, et al.,_ No. 1:26-CV-2389-PKC-TAM**

Dear Judge Chen:

Pursuant to Section 3.A of Your Honor's Individual Practices and Rules, Plaintiff Edward B. Hubbuch submits this response to Defendants' July 27, 2026 PMC letter (_Dkt. 29_).

This is Defendants' second pre-motion conference request in this action. The Court denied Defendants' first PMC letter (_Dkt. 16_) on June 12, 2026. On June 4, 2026, Defendants filed an opposition to Plaintiff's motion for leave (_Dkt. 19_), arguing across four grounds that the SAC was futile, filed in bad faith, and could not survive a motion to dismiss — previewing precisely the same arguments they now seek to raise. The Court considered those futility arguments and rejected them, granting Plaintiff leave to file the SAC.

Defendants now raise the same arguments a third time, in a PMC letter that largely recycles the futility opposition the Court already rejected. Because the Court has already implicitly found the SAC sufficient to proceed, and because the anticipated motion raises no argument that would warrant a different result, Plaintiff respectfully submits that the Court should deny the PMC request and direct Defendants to answer for the following reasons:

### I. The 'Primary Use' of Plaintiff's Cellular Telephone Is a Factual Inquiry Inappropriate for Resolution at the Pleading Stage
### (_Count Two_ and _Count Three_)

Defendants argue that Plaintiff is not a "residential subscriber" because the SAC mentions a "business line." This argument fails procedurally and factually. Plaintiff has used the 7597 Number as his personal cellular line since 2010 — fifteen (15) years before the calls at issue began. He registered it on the National DNC Registry in 2017, while employed as a journalist and not a business owner. He did not become a business owner/sole proprietor until May 2018. The number's

primary use has always been personal — the subsequent business use is incidental and wholly secondary.

The FCC has expressly held that wireless subscribers on the National DNC Registry are presumptively residential. *In re Rules & Regulations Implementing the TCPA*, 18 FCC Rcd. 14014, 14039 (2003). Moreover, determining the "primary use" of a mixed-use line is a fact-intensive inquiry requiring discovery, not resolution on a Rule 12(b)(6) motion. At the pleading stage, the Court must accept Plaintiff's allegations as true. Plaintiff has alleged he is a Brooklyn resident using the number for both personal and business purposes. That is sufficient. Defendants' attempt to litigate this factual issue on a three-page PMC letter is improper.

### II.  The SAC Plausibly and Specifically Pleads Prerecorded Voice Calls
#### (*Count One* and *Count Four*)

Defendants claim Plaintiff only spoke to a live person ("Anthony"), ignoring the actual mechanics pled in the SAC. Defendants' campaign uses a prerecorded "avatar" or soundboard — fabricated personas like "Kylie Kensington" — to deliver an initial, non-interactive script before transferring the call to a live closer. The TCPA prohibits calls *initiated* with a prerecorded voice; a live operator joining later does not cure the violation. *See Bank v. Alleviate Tax, LLC*, 2024 WL 1332635, at *3 (E.D.N.Y. Mar. 28, 2024). Plaintiff has pled specific facts — robotic scripts, identical pacing, and the same prerecorded content delivered across hundreds of calls — which easily satisfy *Twombly* and *Iqbal*.

### III.  GBL §349 Properly Applies Because Plaintiff Suffered Actual Injury in New York
#### (*Count Five*)

Defendants argue that no consumer transaction occurred in New York because Plaintiff did not consummate a loan. That misstates the law. GBL §349 requires a deceptive act that causes injury, not a completed transaction. *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1995); *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169, 171 N.E.3d 1192 (2021). Defendants directed hundreds of deceptive calls — spoofed caller IDs and fabricated loan approvals — into New York, targeting a New York resident. The deceptive act occurred in New York (calls received here), and the injury occurred in New York (disruption of Plaintiff's business line, invasion of privacy, diversion of resources). That satisfies *Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324-25 (2002).

### IV.  Personal Jurisdiction and Individual Liability Are
#### Properly Pled for Defendant Ghafarinia

The SAC pleads specific facts: Defendant Mohammad Ghafarinia personally selected New York as a target market, approved prerecorded scripts, directed lead-data procurement, established call-routing, and exercised operational authority to suppress all calls upon service — stopping every call to a New York plaintiff simultaneously across all brands. That single command could only have come from Ghafarinia, the Enterprise's controlling person, constituting purposeful availment under *Walden v. Fiore*, 571 U.S. 277 (2014), and satisfying the "expect consequences" prong of New York's long-arm statute under CPLR §302(a)(3)(ii).

Ghafarinia has also waived any personal jurisdiction challenge. His counsel accepted service without objection and has actively litigated — filing stipulations, a Rule 11 safe-harbor letter later abandoned after Plaintiff provided irrefutable evidence that its factual premise was false, and three PMC letters. *See Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999) (finding forfeiture where a defendant participates in litigation). Finally, Ghafarinia's self-created LinkedIn profile — under his alias "Matt Nia" — identifies him as co-founder of Better Debt Solutions and Better Tax Relief, confirming his direct personal involvement.

### V.  The SAC Establishes Common Enterprise and Alter-Ego Liability

Defendants' "group pleading" attack ignores the SAC's detailed corporate mapping: shared ownership, unified legal department, common address, and centralized dialing platform. Their own MDL filings (**Exhibit H**) admit "same factual discovery," "same witnesses," and "same types of documents, including call logs"—judicial admissions of enterprise unity. Their counsel accepted unified service for all six defendants (**Exhibit I**). Plaintiff has crossed the plausibility threshold for enterprise discovery. *See DISH Network*, 28 F.C.C. Rcd. 6574, 6584 ¶28 (2013). This Court's own ruling in *Bank v. Alleviate Tax, LLC* required TCPA plaintiffs to plead specific, non-conclusory facts tying defendants to the challenged calls. The SAC does exactly that — pleading specific dates, scripts, corporate roles, and documentary evidence — and therefore satisfies the standard Your Honor articulated in her *Bank* decision.

### VI.  Plaintiff Maintains Standing for Injunctive Relief and The Exhibits Are Highly Relevant

Defendants claim Plaintiff lacks standing for injunctive relief because the calls ceased upon service of the lawsuit. Voluntary cessation of illegal conduct in response to litigation does not moot a claim for prospective relief. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Defendants have a documented pattern of near-pathological recidivism — they have been sued at least 46 times just since 2023, yet have repeatedly resumed unlawful calling campaigns after legal pressure subsides. Plaintiff therefore faces a real and immediate threat of future injury.

Defendants' Rule 12(f) motion to strike **Exhibits K** and **Exhibit L** is also baseless. Motions to strike are disfavored. The forensic declarations are relevant to Defendants' anticipated consent defense and pattern of willful misconduct.

### VII.  The Court Should Deny the PMC and Direct Defendants to Answer

The Court denied Defendants' first PMC request and then rejected their futility arguments when it granted Plaintiff leave. This second PMC request recycles the same arguments already found insufficient. The SAC is detailed, well-documented, and thoroughly pled. Plaintiff respectfully requests that the Court deny the PMC and direct Defendants to answer the SAC.

Respectfully submitted,

/s/**Edward B. Hubbuch**

Edward B. Hubbuch
Plaintiff, *pro se*