# ISKANDER LAW

1111 N. Brand Blvd., Suite 308 • Glendale, California 91202 • mario@iskanderlaw.com

---

July 28, 2026

**VIA ECF**

The Honorable Pamela K. Chen
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Hubbuch v. Better Debt Solutions LLC, et al.*, No. 1:26-cv-02389-PKC-TAM
        **Defendants' Request for Leave to Submit a Brief Reply to Plaintiff's Response [ECF No. 30] to Defendants' Letter Motion for a Pre-Motion Conference [ECF No. 29]**

Dear Judge Chen:

Defendants respectfully request leave to submit this brief reply to Plaintiff's July 27, 2026 response [ECF No. 30], solely to correct three misstatements of the record. Counsel submits this letter consistent with his duty of candor to the tribunal and his obligation, as an officer of the court, not to allow the tribunal to be misled by false statements of law or fact. See N.Y. R. Prof'l Conduct 3.3 & cmt. 2 (applicable to counsel appearing in this District); *In re Demetriades*, 58 F.4th 37 (2d Cir. 2023). Defendants do not re-argue the merits, on which they rest on their letter motion [ECF No. 29].

**First**, Plaintiff cites this Court's decision in *Bank v. Alleviate Tax, LLC*, 2024 WL 1332635, at *3 (E.D.N.Y. Mar. 28, 2024), for the proposition that "a live operator joining later does not cure the violation." (ECF No. 30 at 2.) The decision contains no such holding. In *Alleviate Tax*, the plaintiff alleged precisely the call mechanics Plaintiff now describes—an automated message followed by transfer to a live representative—and this Court *dismissed* the § 227(b) claim under Rule 12(b)(6) because the pleading contained no non-conclusory factual allegations connecting the defendant to the initiator of the calls, under either a direct- or vicarious-liability theory. *Id.* at *3–5. The decision thus supports Defendants' anticipated motion, not Plaintiff's opposition to it.

**Second**, Plaintiff states that the Court "denied Defendants' first PMC letter" and "considered [Defendants'] futility arguments and rejected them" in granting leave to amend on June 12, 2026. (ECF No. 30 at 1.) The June 12 Order granted Plaintiff leave to file the SAC; it did not adjudicate the sufficiency of the SAC under Rule 12, which was not before the Court, and Defendants' earlier letter [ECF No. 16] was directed to the then-operative First Amended Complaint, which the SAC has since superseded. Leave to amend under Rule 15's liberal standard is not a merits determination that the amended pleading states a claim. Relatedly, Plaintiff asserts that Defendants' Rule 11 motion was "abandoned." (ECF No. 30 at 3.) It was not: the motion was served on May 18, 2026, the 21-day safe-harbor period under Rule 11(c)(2) expired without withdrawal or correction, and the motion remains ripe for filing.

**Third**, Plaintiff's response rests on factual assertions that appear nowhere in the SAC—among them, that the 7597 number was his "personal cellular line since 2010," that he registered it "while employed as a journalist," that he "did not become a business owner/sole proprietor until May 2018," and that Defendants used a "prerecorded 'avatar' or soundboard," a persona named "Kylie Kensington," "robotic scripts," and "identical pacing." (ECF No. 30 at 1–2.) None of those allegations is pleaded in the SAC, and the terms "avatar," "soundboard," "Kylie Kensington," "robotic scripts," and "identical pacing" appear nowhere in the SAC or any of its thirteen exhibits. A plaintiff may not amend his pleading through an opposition letter; the anticipated motion must be decided on the SAC as filed. See *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156–57 (2d Cir. 2006). Plaintiff's resort to new, unpleaded facts only confirms that the SAC's allegations are insufficient as written.

These are not incidental errors: Plaintiff has miscited this Court's own decision for a holding it does not contain, recast the procedural history, misdescribed the status of Defendants' served Rule 11 motion, and opposed dismissal on facts he never pleaded. Rule 11(b)'s certifications apply to unrepresented parties, and Defendants reserve all rights with respect to these misstatements — including the Court's sua sponte consideration under Rule 11(c)(3) and its inherent authority — and respectfully submit that the pattern bears on the weight the Court should give Plaintiff's response. Defendants will address the remaining arguments in ECF No. 30 at the pre-motion conference or in full briefing, whichever the Court directs, and respectfully request that the Court grant leave and accept this letter as Defendants' reply.

Respectfully submitted,

Mario Iskander, Esq.
Attorney for Defendants

cc:    Edward B. Hubbuch, Plaintiff pro se (via ECF, U.S. Mail & email)