UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EDWARD B. HUBBUCH,

Plaintiff,

-against-

BETTER DEBT SOLUTIONS LLC; LENDVIA LLC; RANGE VIEW MANAGEMENT LLC; BETTER TAX RELIEF LLC; BETTER COMPANIES LLC; MOHAMMAD GHAFARINIA a/k/a MATT GHAFARINIA a/k/a MATT NIA; and JOHN DOES 1-9,

Defendants.

No. 1:26-cv-02389-PKC-TAM

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

ISKANDER LAW
Mario Iskander, Esq. (admitted pro hac vice)
1111 N. Brand Blvd., Suite 308
Glendale, CA 91202
(240) 439-1970 | mario@iskanderlaw.com
Attorneys for Defendants

## PRELIMINARY STATEMENT

Plaintiff's opposition rests on two premises this Court has already rejected in this case. The first is that the Court decided the sufficiency of the Second Amended Complaint when it granted leave to file it. (Opp. ¶¶ 2, 8, 46–49.) It did not. In granting leave, the Court held that Defendants' futility arguments were "better addressed in the context of a motion to dismiss," and that amendment "will ensure that the Court can definitively address sufficiency of the allegations in response to a motion to dismiss." Order (June 12, 2026) (text only). Neither that order nor the August 18 scheduling order decided the SAC's sufficiency; that question is before the Court now, for the first time.

The second premise is that Plaintiff may keep adding facts after the pleading has closed. The Court foreclosed that as well. It directed Plaintiff to include in the SAC "any allegations currently knowable to Plaintiff," and warned that it "will not entertain future amendments or additional filings of new allegations without a showing that the substance of the future amendment or filing occurred since Plaintiff's previous filing or was unknowable to Plaintiff at the time of the previous filing"—a showing on which "Plaintiff will bear the burden." *Id.* Plaintiff's opposition is nonetheless built on a sworn declaration of new facts: that the 7597 number has been his "personal" number since 2010; that he was unemployed when he registered it; that it sits on a family plan; that he became a sole proprietor only in 2018. None of this appears in the SAC; all of it was knowable in June; and Plaintiff makes no attempt at the required showing. The declaration is not before the Court, and the SAC must be judged as filed.[1]

---

[1]The opposition also alludes to "internal executive emails" it characterizes as "directing the suppression of Plaintiff's telephone number." (Opp. ¶ 1.) Magistrate Judge Merkl has held that exchange privileged and ruled that Plaintiff "may not use" it. Order (June 25, 2026) (text only). Defendants do not respond to the characterization and reserve all rights regarding its inclusion in a public filing.

## ARGUMENT

### I. THE DECLARATION AND THE NEW FACTS IT CONTAINS ARE NOT BEFORE THE COURT

Three independent rules bar consideration of the Hubbuch Declaration and the new facts in Plaintiff's brief. The first is the June 12 Order, which closed the pleading and placed on Plaintiff the burden of showing that any new allegation was unknowable when he filed the SAC. He has not attempted that showing; the history of his own telephone number is the paradigm of a knowable fact. Whatever discretion a court might otherwise have to treat an opposition affidavit as a constructive amendment, *see Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25–26 (2d Cir. 1988), this Court exercised it in advance.

The second is the settled rule on a Rule 12(b)(6) motion. "Factual allegations contained in legal briefs or memoranda are also treated as matters outside the pleading," and a court must either exclude them or convert the motion. *Fonte*, 848 F.2d at 25. This Court confines itself to allegations "within the four corners of the Complaint," because "courts typically do not consider allegations contained in a party's opposition brief." *A.P. v. Dannhauser*, No. 23-CV-6687 (PKC) (RML), 2025 WL 917233, at *1 n.1, *8 (E.D.N.Y. Mar. 25, 2025) (plaintiff "cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss"). Plaintiff recites the rule (Opp. ¶ 10) and disregards it. Conversion under Rule 12(d) is unwarranted: Defendants do not consent, discovery has not begun, and the new facts would not cure the defects.

The third is that pro se solicitude "may be lessened where the particular pro se litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). Plaintiff has drafted three complaints in this action, recites the four-corners rule in his brief, and describes himself as "an active, experienced pro se litigant" who litigates "complex consumer cases" through "dispositive motions in federal court." (Hubbuch Decl. Ex. 1 at 2.) He understood the June 12 Order.

Plaintiff's attempt to equate his declaration with Mr. Ghafarinia's (Opp. ¶¶ 34–36) conflates two motions. A Rule 12(b)(2) motion is "inherently a matter requiring the resolution of factual issues outside of the pleadings," and declarations are routinely considered. *C.B.C. Wood Prods., Inc. v. LMD Integrated Logistics Servs., Inc.*, 455 F. Supp. 2d 218, 221 (E.D.N.Y. 2006). Mr. Ghafarinia's declaration was submitted "solely" for that motion (Ghafarinia Decl. ¶ 1); Plaintiff's is offered against a Rule 12(b)(6) motion. The exclusion removes the entirety of Plaintiff's answer on Counts Two and Three. (Hubbuch Decl. ¶¶ 1–3; Opp. ¶¶ 3, 15–19.)

## II. COUNTS TWO AND THREE: THE SAC PLEADS A BUSINESS LINE

Stripped of the declaration, the opposition on Counts Two and Three quotes ¶ 25 ("both personal and business communications") and stops. (Opp. ¶¶ 21, 23.) It omits ¶ 35 (the number "doubles as his sole business line"), ¶ 120 ("the total disruption of his sole business telephone line"), or the Prayer for Relief ("actual business damages resulting from the disruption of his commercial operations"). Plaintiff calls Defendants' quotation "selective" (Opp. ¶ 23); Defendants quoted all five passages (Mem. at 4), and Plaintiff answers one. A plaintiff who pleads that the called number is his sole business line and demands business damages for the disruption of his commercial operations has pleaded a business line.

Plaintiff's authorities confirm the point. *Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 206–08 (S.D.N.Y. 2024), sustained residential status because the plaintiff there pleaded that the phone was "not primarily used for any business purpose." The SAC pleads the mirror image. *Bank v. Independence Energy Group LLC*, 2014 WL 4954618, at *3–4 (E.D.N.Y. Oct. 2, 2014), turns on whether the subscriber holds the number out as a business line—which is what an allegation that the number is one's "sole business line" does. When the record there showed that the plaintiff put the number on his letterhead and "in pleadings and court filings," the court held that "no reasonable juror could find" the line residential. *Bank v. Independence Energy Grp. LLC*,

2015 WL 4488070, at *2–3 (E.D.N.Y. July 23, 2015). Plaintiff lists the 7597 number as his contact number on the face of the SAC. (SAC, signature block.) Plaintiff's insistence that the FCC's wireless presumption "controls" (Opp. ¶¶ 16, 24–25) is doubly wrong: after *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), the Court interprets "residential subscriber" for itself, and in any event the presumption is rebuttable and is rebutted here by Plaintiff's own allegations. And Plaintiff's "clarification" argument (Opp. ¶¶ 22–23) concedes the rest: a "clarification" that changes a line from "sole business line" to "personal and family line" is an amendment, and the Court has said it will not entertain one.

Count Three fails for the additional reasons stated at Mem. 5—§ 64.1200(d) protects the same "residential telephone subscriber," and the SAC pleads Count Three as "an alternative theory of recovery" (SAC ¶ 107). The opposition does not respond to either point.

## III. THE CLAIMS AGAINST GHAFARINIA SHOULD BE DISMISSED AND JURISDICTIONAL DISCOVERY DENIED

**Kreutter removes a defense; it does not supply Plaintiff's showing.** Defendants agree that New York has abolished the fiduciary-shield doctrine. *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 470–72 (1988). But *Kreutter* sustained jurisdiction because the plaintiff sought to reach "an individual who was a primary actor in the transaction with him in New York, not some corporate employee in Texas who played no part in it," *id.* at 470, and its agency test requires that the defendant have "exercised some control" over the in-state actor, *id.* at 467. Due process independently requires contacts "that the defendant *himself* creates with the forum State"; "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 284–86 (2014). An officer's title "alone cannot suffice," because otherwise "any corporate executive of a similar business would be subject to long-arm jurisdiction in New York so long as the corporation transacted business here"; courts "consistently require the officer to have

personally taken part in the activities giving rise to the action." *Leon v. Shmukler*, 992 F. Supp. 2d 179, 193 (E.D.N.Y. 2014).

**The "specific, non-conclusory facts" are labels.** Plaintiff points to SAC ¶ 10 and ¶ 48(e). (Opp. ¶¶ 31–33.) Paragraph 10 is three verbs—"personally selected," "personally directed," "personally benefited"—unattached to any act, date, place, vendor, script, or campaign. That is a "formulaic recitation." *Iqbal*, 556 U.S. at 678. Paragraph 48 is pleaded "[b]ased on the documentary record from prior TCPA litigation"—on information and belief from other cases—and none of its subparagraphs is tied to a call to the 7597 number or to New York. An allegation that restates the legal standard "states no facts supporting that conclusion" and is not a prima facie showing. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184–85 (2d Cir. 1998). The "public evidence" said to "refute" the declaration (Opp. ¶ 36)—a LinkedIn title, a video of a company event, a 2024 MDL motion, and the cessation inference—establishes that Mr. Ghafarinia is an officer of California companies; it does not describe a single act by him directed at New York. *Walden*, 571 U.S. at 289. His acknowledgment that he co-founded two of the entities (Ghafarinia Decl. ¶ 5; Opp. ¶ 35) is already alleged in the SAC (¶ 47), and founding a company is not directing a call. Against his sworn denials (Ghafarinia Decl. ¶¶ 6–7), Plaintiff's 180 pages offer no fact about his conduct toward New York; ¶ 14 restates the SAC and pronounces the denials "contradicted."

**Jurisdictional discovery should be denied.** Discovery is available to a plaintiff whose allegations make "a sufficient start" toward establishing personal jurisdiction, *Reed Int'l, Inc. v. Afghanistan Int'l Bank*, 657 F. Supp. 3d 287, 298 (S.D.N.Y. 2023) (quoting *Uebler v. Boss Media, AB*, 363 F. Supp. 2d 499, 506 (E.D.N.Y. 2005)); "conclusory non-fact-specific jurisdictional allegations" do not qualify. *Jazini*, 148 F.3d at 185–86; *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 19 (2d Cir. 2015) (summary order). What Plaintiff describes is not

jurisdictional discovery but a merits deposition of the principal defendant on his "operational oversight," "vendor authorizations," and "direct role in suppressing Plaintiff's number." (Opp. ¶ 44.) The one case cited for the request, "*Mar-Oil, S.A. v. Morrissey*, 982 F. Supp. 2d 325 (S.D.N.Y. 2013)" (Opp. ¶ 45), does not exist at that citation and, in the form in which it does exist, has nothing to do with jurisdictional discovery.[2]

## IV. THE ENTERPRISE THEORY DOES NOT SUPPLY WHAT THE SAC LACKS

**The August 18 Order decided nothing.** Plaintiff says that by directing Defendants to address group pleading "in light of" the vicarious-liability allegations, the Court "already resolved" the issue. (Opp. ¶¶ 46–49.) Directing a party to brief a question is not deciding it, and *Calhoun* dismissed the TCPA claims before it.

**Plaintiff's own chart is the group-pleading problem.** Plaintiff says the SAC provides "surgical, individualized attribution," and offers a chart. (Opp. ¶¶ 50–53.) For LendVia, Range View, and Better Tax Relief, the chart's entire content is (i) the 2024 MDL motion, (ii) "accepted unified service," and (iii) for Range View, a "LENDBEE alias." For Better Companies it is "parent" and "One Family of Brands." Not one entry alleges that the entity initiated, directed, or controlled a call to Plaintiff. That is the defect this Court identified in *Bank v. Alleviate Tax, LLC*, 2024 WL 1332635, at *3–5 (E.D.N.Y. Mar. 28, 2024): "some connections" between a defendant and the calls do not plead that the defendant initiated them or controlled whoever did. Plaintiff calls *Alleviate Tax* controlling; he should be held to it.

**The MDL motion is not a binding judicial admission.** Judicial admissions must be "clear and unambiguous admission[s] of fact," and even a judicial admission "only binds the party that

---

[2]The citation Plaintiff gives, "982 F. Supp. 2d 325 (S.D.N.Y. 2013)," corresponds to *Tarros S.p.A. v. United States*, which has nothing to do with jurisdictional discovery. The Second Circuit's *Mar Oil, S.A. v. Morrissey*, 982 F.2d 830 (2d Cir. 1993), concerns an attorney's breach of fiduciary duty in taking an unearned fee and does not address personal jurisdiction or discovery.

makes it in the action in which it is made, not 'in separate and subsequent cases'"; in a later case such statements at most "may be considered as evidentiary admissions." *Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 37–38 (S.D.N.Y. 2015) (citations and internal quotation marks omitted). A § 1407 motion asserting "common questions of fact" for pretrial coordination is not a clear and unambiguous admission that five entities are one, and it says nothing about who called Plaintiff. Even as evidence, shared infrastructure is not control over a caller. *Bank v. Consumer Tax Advocate, LLC*, No. 23-CV-9229 (HG) (CLP), 2025 WL 1640500, at *7–8 (E.D.N.Y. Feb. 5, 2025) (dismissing claims against affiliated debt-relief entities absent facts tying the callback number or entities to the caller), *adopted*, Dkt. Order (E.D.N.Y. Feb. 25, 2025); *Horowitz v. AT&T Inc.*, 2018 WL 1942525, at *9 (D.N.J. Apr. 25, 2018) ("family of companies" branding, shared website, domain, and policies insufficient as a matter of law).

**Cessation upon service.** Plaintiff says Defendants must prove their alternative explanation in discovery. (Opp. ¶¶ 57–59.) That inverts the inquiry. The question is whether *Plaintiff's* inference—that a single individual in California personally issued a "suppression" order to five companies and unnamed lead generators—is plausible in light of the obvious alternatives, not whether Defendants have proven one. *Twombly*, 550 U.S. at 567–68; *Iqbal*, 556 U.S. at 682; *Trump v. Vance*, 480 F. Supp. 3d 460, 486–87 (S.D.N.Y. 2020) (sequence of events insufficient where it "could obviously be explained in ways that do not impugn the presumptive validity" of the challenged act). The most obvious alternative is one every litigant knows: a served defendant, through counsel, instructs everyone in its orbit to stop calling the plaintiff. That is compliance, not proof of pre-suit control—and if cessation upon service of BDS shows that Mr. Ghafarinia personally controlled the callers, it equally shows that any number of non-parties did.

## V. COUNTS FIVE, FOUR, AND ONE

**Count Five.** Plaintiff's § 349 argument rests on two quotations. He attributes to *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1995), the holding that a § 349 claim "does not require a completed consumer transaction." (Opp. ¶ 28.) Those words do not appear in *Oswego*, which sets the consumer-oriented threshold, requires "actual" harm, and arose from a savings account the plaintiffs actually opened. He then says "this Court" held in *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*, 37 N.Y.3d 169 (2021), that § 349 "protects consumers from deceptive solicitations, not merely deceptive sales." (Opp. ¶ 29.) *Himmelstein* is a decision of the New York Court of Appeals; its plaintiffs bought the product "[f]or several consecutive years"; it holds that § 349 is concerned with "the impact of deceptive conduct on consumer purchases"; and the quoted language is not in it. The governing rule is *Goshen*'s: "[t]he origin of any advertising or promotional conduct is irrelevant if the deception itself . . . did not result in a transaction in which the consumer was harmed." 98 N.Y.2d at 326. Plaintiff pleads no transaction (SAC ¶¶ 30–31), and his only injuries are those of the calls themselves. *Shostack v. Diller*, 2016 WL 958687, at *4–5 (S.D.N.Y. Mar. 8, 2016), dismissed a pro se telemarketing plaintiff's § 349 claim because he had "neither [been] deceived nor misled" and an "unquantifiable injury to a privacy interest . . . is not a cognizable injury."

**Count Four.** Plaintiff's answer on § 399-p is that storage capability is "a standard feature of modern dialing platforms." (Opp. ¶ 66.) That is an assertion about dialers generally, not an allegation in the SAC, which recites the statutory phrase (¶ 109) and nothing more. And the SAC affirmatively pleads a routing operation (¶¶ 31, 54, 118(d)); it is Plaintiff's burden to plead a device that disseminates a prerecorded message "without the use of an operator," N.Y. Gen. Bus. Law § 399-p(1)(a), not Defendants' to disprove it.

**Count One.** Plaintiff's "three pillars" of attribution—the callback, the MDL motion, and cessation (Opp. ¶¶ 62–63)—are the enterprise theory stated three ways, each addressed above. The callback adds nothing: "Anthony" answered under an unregistered alias (SAC ¶ 31), which is concealment, not attribution. Unlike the callback in *Martin*, 723 F. Supp. 3d at 282–83, which was answered in the defendant's own registered trade name, Plaintiff's reached a name registered to no one. *Bank v. Spark Energy, LLC*, 860 F. App'x 205, 205–06 (2d Cir. 2021) (summary order) (attribution conclusory where the messages did not identify the caller).

## VI. PLAINTIFF LACKS STANDING FOR PROSPECTIVE RELIEF

Plaintiff's answer is *Laidlaw*. (Opp. ¶¶ 68–71.) *Laidlaw* is a mootness case: the voluntary-cessation presumption "has been applied to refute the assertion of mootness by a defendant who, when sued in a complaint that alleges present or threatened injury, ceases the complained-of activity," and it is "an immense and unacceptable stretch to call the presumption into service as a substitute for the allegation of present or threatened injury upon which initial standing must be based." 528 U.S. at 191 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998)). The prospect of resumption "may be too speculative to support standing, but not too speculative to overcome mootness." *Id.* at 190. Standing is Plaintiff's burden for "each form of relief," *TransUnion*, 594 U.S. at 431; *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75–77 (2d Cir. 2022). Plaintiff's "pattern of resumption" is the 43-lawsuit tally—other people's allegations—while his own declaration says the calls to him "have not resumed." (Hubbuch Decl. ¶ 10.) *See Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 281–82 (S.D.N.Y. 2024).

## VII. THE OUT-OF-CASE MATERIALS

**Rule 10(c).** Plaintiff concedes that the Samuel declarations are not written instruments ("[e]ven if the exhibits themselves are excluded," Opp. ¶ 80) and retreats to ¶¶ 72–74. *Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 224 (S.D.N.Y. 2018), answers him: having

struck the expert declaration, the court "will not, and indeed cannot, consider any conclusory allegations in the SAC based on the Declaration." That is the relief requested here.

**Rule 408 and the tally.** Plaintiff's premise that Rule 408 "applies only to private offers to compromise" (Opp. ¶ 73) is wrong in this Circuit: "[t]he admissibility of a civil consent decree . . . is governed by Fed. R. Evid. 408." *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593–94 (S.D.N.Y. 2011) (quoting *United States v. Gilbert*, 668 F.2d 94, 97 (2d Cir. 1981)) (striking CFTC consent order). Rule 408 permits "other purposes," *id.*, but *Platinum* struck the order where, as here, the pleading used it to prove liability: the SAC pleads the Minnesota order as "[r]egulatory [p]enalties" for the same conduct. (SAC ¶ 49(c).) "Notice and willfulness" is that purpose under another name. And *Cowell v. Utopia Home Care, Inc.*, 144 F. Supp. 3d 398, 406 (E.D.N.Y. 2015), struck references to other litigation offered to show the defendant "was aware" of its obligations and for "wilfulness"—the precise use Plaintiff defends.[3]

## CONCLUSION

Plaintiff has filed three complaints and, in disregard of the June 12 Order, a fourth in the form of a declaration. The motion should be granted in full, with prejudice; jurisdictional discovery should be denied; and Exhibits D, E, K, and L and ¶¶ 38–46 and 72–74 should be stricken or limited to the fact of the proceedings' existence.

Dated: October 26, 2026

Respectfully submitted, ISKANDER LAW
/s/ Mario Iskander, Esq. (admitted pro hac vice)
1111 N. Brand Blvd., Ste. 308, Glendale, CA 91202
(240) 439-1970 | mario@iskanderlaw.com
Attorneys for Defendants

[3]Plaintiff says *Cowell* allows other-litigation references for "knowledge and willfulness." (Opp. ¶ 76.) The plaintiff there called them "relevant to its claim of wilfulness"; the court held them "not necessary to allege wilfulness." 144 F. Supp. 3d at 406.

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Reply Memorandum of Law complies with Rule 3.B of the Individual Practices and Rules of the Honorable Pamela K. Chen: it is prepared in 12-point Times New Roman, double-spaced with one-inch margins, and the memorandum, exclusive of the caption page and this certification, does not exceed ten pages.

## CERTIFICATE OF SERVICE

I certify that on October 26, 2026, I caused the foregoing Reply Memorandum of Law, together with the Corrected Declaration of Mohammad Ghafarinia and copies of the unreported decisions cited herein, to be served on Plaintiff pro se Edward B. Hubbuch by first-class mail and electronic mail at the addresses of record, and that on the same date the fully briefed motion was filed via ECF pursuant to Rule 3.D.

/s/ Mario Iskander
Mario Iskander, Esq.